■ TEDDY'S DRIVE IN, INC., Appellant, v ALEXANDER E. COHEN, Respondent, et al., Defendants.—In an action *inter alia* to recover damages for conversion, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated January 20, 1976, as (1) denied, as moot, its motion to strike the affirmative defenses contained in the answer of defendant Alexander Cohen and (2) granted said defendant's cross motion for summary judgment dismissing the complaint as against him. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, cross motion denied, and summary judgment granted to plaintiff as against defendant Alexander Cohen on the issue of liability; action, as between plaintiff and said defendant, severed and remitted to the Supreme Court, for

an inquest on the issue of damages. Alexander E. Cohen, a tax compliance agent employed by the New York State Tax Commission, seized what he believed to be the property of Eloise Restaurant Associates pursuant to certain warrants issued by the State Tax Commission. Acting in the capacity of a Sheriff (see Tax Law, §§ 380, 1141, subd [a]), Cohen offered the property for public sale. The complaint alleges that, prior to the opening of the auction, the president of the plaintiff corporation informed Cohen and others that the property had been peaceably surrendered to plaintiff by Eloise Restaurant Associates and now belonged to plaintiff pursuant to the terms of a filed security agreement between those two parties. Cohen merely admits that, before any bidding took place, plaintiff's president stood on a table and "announced that all items on the premises were subject to a $70,000 chattel mortgage which he held." The auction was completed notwithstanding that claim on behalf of plaintiff and, thereafter, it sued Cohen, the auctioneers and 15 "John Doe" buyers, *inter alia,* for conversion of its property. Special Term dismissed plaintiff's complaint as against Cohen upon the ground that, as a public officer, he was exercising a discretionary function in conducting the auction and was, therefore, immune from a suit to recover damages from him personally. This was error. It is well established in this State that, where property is in the possession of a person named in a writ or a warrant, and the Sheriff at the time of the levy has no actual knowledge or reason to suppose that another person is the true owner, an action may be maintained against the sheriff for seizing and selling such property if, before the sale, he received notice of the true ownership and refused to restore the property to the true owner on demand *(Universal Credit Co. v Knights,* 145 Misc 876; *People ex rel. Kellogg v Schuyler,* 4 NY 173; see, also, *Robinson v Chamberlain,* 34 NY 389; *Adsit v Brady,* 4 Hill 630; 80 CJS, Sheriffs and Constables, § 68, subd b, par [1], p 261). Defendant Cohen has admitted that plaintiff's president, a Mr. Theodore Coffman, stood on a table and announced that all items on the premises were subject to a $70,000 chattel mortgage, which he held, covering the property to be sold. New York has adopted the title theory of chattel mortgages. Under that theory, "A chattel mortgage is a present transfer of the title to the property mortgaged, subject to be defeated on payment of the sum or instrument it is given to secure. In default of performance by the mortgagor of the condition, the title of the mortgagee becomes absolute" *(Parshall v Eggert,* 54 NY 18, 23). Thus, when Coffman announced that he held a chattel mortgage on the goods to be sold, he was in effect stating that plaintiff held title. In the face of that announcement, Cohen was under a duty to inquire as to plaintiff's title and to stop the sale if plaintiff's claim proved to be good. No inquiry was made and Cohen is, therefore, liable for misfeasance in exercising the powers of a Sheriff. The financing statement, submitted to this court as an exhibit by stipulation of the parties, clearly establishes that plaintiff had a perfected security interest in the subject property on June 9, 1972, the date of the filing (see Uniform Commercial Code, § 9-302, subd [1], par [c]; § 9-401, subd [1], par [b]). The tax warrants upon which Cohen was foreclosing were not issued until February 7, 1975 and the liens thereof were, accordingly, subordinate to plaintiff's previously perfected security interest (see Uniform Commercial Code, § 9-313, subds [3], [4]; Tax Law, § 1141, subd [b]; 51 NY Jur, Sales and Use Taxes, § 98). We have searched the record pursuant to defendant Cohen's motion for summary judgment (see CPLR 3212, subd [b]; *Peoples Sav. Bank of Yonkers v County Dollar Corp.,* 43 AD2d 327, affd 35 NY2d 836), and hold that plaintiff is entitled to summary judgment against Cohen on the question of liability.

Were we not granting summary judgment to plaintiff, we would grant its motion pursuant to CPLR 3211 (subd [b]) to strike the four defenses pleaded in defendant Cohen's answer. The first defense lacks merit since this is not an action against the State, but one which seeks to hold Cohen personally liable for misfeasance in exercising the duties of a Sheriff while a public official. The second defense is without merit because a suit against a public officer to recover damages for acts committed outside of his authority is properly cognizable in the Supreme Court and not in the Court of Claims (see *Psaty v Duryea,* 306 NY 413, 417). The third defense, which alleges that the complaint fails to state a cause of action against Cohen, is similarly without merit. In our opinion the complaint states a cause of action against said defendant. A defense is not stated by the fourth enumerated defense. The allegation that Cohen's acts were performed without malice as part of his official duties is irrelevant to the question of Cohen's liability as delineated above. Finally, it is our opinion that Cohen's denial of knowledge or information sufficient to form a belief as to most of the allegations contained in paragraphs "SEVENTH" and "EIGHTH" of the complaint was improper. Those paragraphs allege, *inter alia,* that plaintiff's president informed Cohen of plaintiff's ownership of the property in question. Whether such statements were made was therefore within Cohen's personal knowledge and should either have been admitted or specifically denied. Accordingly, were we not granting summary judgment to plaintiff, we would strike the said denial of knowledge or information sufficient to form a belief as to those two paragraphs of the complaint, with leave to defendant Cohen to serve an amended answer with respect thereto (cf. *City of Rochester v Diksu Corp.,* 47 Misc 2d 407, 408). Cohalan, Damiani, Shapiro and Titone, JJ., concur; Hopkins, Acting P. J., concurs insofar as the majority is reversing that part of the order which granted defendant Cohen's cross motion for summary judgment, but dissents from the granting of summary judgment in favor of plaintiff against said defendant, with the following memorandum: In my opinion, there are questions of fact precluding the granting of summary judgment to any party. The principal question is whether defendant Cohen was notified properly of the existence of the security interest.