■ TEDDY'S DRIVE-IN, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59354.)—Appeal from an order of the Court of Claims, entered August 10, 1977, which granted summary judgment in favor of the claimant on the issue of liability on the ground of res judicata. Alexander E. Cohen, a tax compliance agent employed by the New York State Commission, seized what he believed to be the property of Eloise Restaurant Associates, pursuant to certain warrants issued by the State Tax Commission. Acting in the capacity of a Sheriff (Tax Law, §§ 380, 1141, subd [a]), Cohen offered the property for public sale on March 25, 1975. Prior to the opening of the auction, the president of claimant informed Cohen and others that the property had been peaceably surrendered to claimant by Eloise Restaurant Associates and, therefore, belonged to claimant, pursuant to the terms of a filed security agreement. It is admitted that, before any bidding took place, claimant's president stood on a table and announced that all items on the premises were subject to a $70,000 chattel mortgage which he held. The auction was completed notwithstanding the claim on behalf of

claimant, and, thereafter, it sued in Supreme Court, Queens County, Cohen, the auctioneers, and 15 "John Doe" buyers for conversion of its property. When claimant's president announced he held a chattel mortgage on the goods to be sold, he was, in effect, stating that he held title. In the face of that announcement, Cohen was under a duty to inquire as to claimant's title, and to stop the sale if claimant's claim proved to be good. Special Term in the Supreme Court action granted Cohen's motion for summary judgment dismissing the complaint against him. The Appellate Division, Second Department, reversed and granted the motion of the claimant herein for summary judgment against Cohen on the issue of liability (Teddy's Drive In v Cohen, 54 AD2d 898). The Appellate Division stated (p 899): "It is well established in this State that, where property is in the possession of a person named in a writ or a warrant, and the Sheriff at the time of the levy has no actual knowledge or reason to suppose that another person is the true owner, an action may be maintained against the sheriff for seizing and selling such property if, before the sale, he received notice of the true ownership and refused to restore the property to the true owner on demand * * *. No inquiry was made and Cohen is, therefore, liable for misfeasance in exercising the powers of a Sheriff." Claimant's claim against the State of New York was filed May 13, 1975 seeking damages for the seizure of possession of claimant's property, and the sale thereof, and for punitive damages alleging malice. On April 29, 1977, claimant made a motion in the Court of Claims for summary judgment on the issue of liability, and for an assessment of claimant's damage. On August 8, 1977, the Court of Claims granted claimant's motion for summary judgment on the ground that the Supreme Court decision of liability on the part of Cohen was res judicata against the State, and ordered that the matter be placed on the court's calendar to await determination of damages in the action pending in Supreme Court of Queens County. The State contends that the Court of Claims erred when it ignored the issue of Cohen's scope of employment on the ground that the State's affidavit in opposition to the motion for summary judgment failed to contain evidentiary disclosure of the disputed issues. The State argues that the claimant supported the motion for summary judgment by conclusory allegations and, therefore, the moving papers were insufficient to warrant granting judgment as a matter of law and, further, that all allegations in the claim are deemed denied pursuant to 22 NYCRR 1200.14 of the rules of the Court of Claims. Contrary to the State's contentions, claimant did more than offer bald conclusory allegations unsupported by evidentiary facts. Annexed to the moving papers submitted by claimant's attorney was the record on appeal in the Supreme Court action where the State employee was sued in his individual capacity. That record, which was made part of the record on appeal in the instant case, contains a verified answer by the employee in which he states: "8. Any acts performed by said defendant in connection with the levy, seizure and sale of chattels at the premises 154-05 Rockaway Boulevard Queens, New York, were performed in his official capacity". In that same action, the affidavit of an Assistant Attorney-General states: "As more fully appears from the pleadings, copies of which are annexed to plaintiff's motion papers, this action arises out of a tax sale, conducted under Mr. Cohen's supervision in his capacity as a Tax Compliance Agent." Finally, the State employee's memorandum-affidavit dated June 18, 1975, and accompanying exhibits which document the events leading to the seizure and sale of the claimant's property, are clear proof that the employee was acting in his official capacity. It was incumbent upon the State to come forward with evidentiary

facts whereby the court could determine whether triable issues existed (*Steingart Assoc. v Sandler,* 28 AD2d 801; see, also, *Rovello v Orofino Realty Co.,* 40 NY2d 633). The Court of Claims held that the State did not have to file an answer and allege that its agent was acting outside the scope of his authority, but that the State, in order to succeed on the motion, necessitated evidentiary disclosure of the disputed issues. The Court of Claims stated in its decision: "Since this question of scope of authority arises through the vehicle of an attorney's affirmation containing conclusory allegations, unsupported by personal knowledge of documentation tending to establish the existence of a triable issue or an assertion that the facts essential to justify the State's legal posture may exist but cannot now be stated, the position of the State is without merit. (*Israelson v. Rubin,* 20 AD2d 668, affd. 14 NY2d 887.) The affidavit is insufficient to create an issue of fact. (*Blake v. Gardino,* 35 AD2d 1022.)" We agree with the findings of the Court of Claims and the order appealed from should be affirmed. Order affirmed, without costs. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.