■ CHARLES J. GORE, Appellant, v ROBERT KUHLMAN et al., Respondents. [630 NYS2d 141] —Casey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 22, 1994 in Sullivan County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff is employed as a correction officer assigned to Sullivan Correctional Facility in Sullivan County. Defendant Robert Kuhlman is Superintendent of the facility and defendant Wayne Wilhelm is Deputy Superintendent of Security at the facility. Plaintiff commenced this action for damages against defendants in their individual capacity, alleging that defendants had intentionally abused their authority and positions as plaintiff's supervisors to carry out a course of harassment against plaintiff. Supreme Court dismissed the complaint based upon Correction Law § 24 (1), which precludes actions against employees of the Department of Correctional Services for damages arising out of any act done within the scope of their employment and in the discharge of their duties.

Plaintiff contends that dismissal of his complaint was erroneous for two reasons: (1) the question of whether the conduct alleged in the complaint was within the scope of defendants' employment and in the discharge of their duties cannot be determined at the pleading stage, and (2) Correction Law § 24 (1) applies only to actions commenced by inmates. In view of the unambiguous broad language of the statute, which contains only an exception for actions brought by the Attorney-General on behalf of the State, the latter argument is meritless (*see*, *Lumpkin v Albany Truck Rental Serv.*, 70 AD2d 441). We also reject plaintiff's other argument.

In determining whether an employee acted within the scope of his employment, the test is whether the act was done while the employee was doing the employer's work, no matter how irregularly (*Riviello v Waldron*, 47 NY2d 297, 302). Based upon the allegations of plaintiff's complaint, it is clear that the conduct for which plaintiff seeks damages occurred during the course of the parties' employment and arose out of defendants' relationship as plaintiff's supervisors. Although we agree with

plaintiff that these two factors are not necessarily determinative, they are clearly relevant in determining whether defendants were doing the employer's work (*see, Riviello v Waldron, supra,* at 303).

It is well settled that conduct which occurs during the course of employment will not be considered to have occurred within the scope of employment if, for purely personal reasons unrelated to the employer's interests, the employee engages in conduct which is a substantial departure from the normal methods of performing his duties (*see, e.g., Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401, 402, *lv denied* 84 NY2d 811; *Overton v Ebert,* 180 AD2d 955, 956-957, *lv denied* 80 NY2d 751; *Heindel v Bowery Sav. Bank,* 138 AD2d 787, 788). Considering the allegations of plaintiff's complaint in light of the standard applicable upon a motion to dismiss (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633), we conclude that the complaint fails to allege sufficient facts to demonstrate that defendants' conduct fell outside the scope of their employment.

The specific actions alleged by plaintiff concerning disciplinary action, plaintiff's requests for leave and other similar matters fell within defendants' authority as plaintiff's supervisors. That defendants abused their authority as plaintiff's supervisors for the purpose of harassment, as alleged by plaintiff, constitutes no more of a departure from the normal methods of performing the duties of employment than a correction officer's use of excessive force to quell an inmate disturbance, resulting in an assault, as alleged in *Cepeda v Coughlin* (128 AD2d 995, *lv denied* 70 NY2d 602). As in *Cepeda v Coughlin* (*supra*), we conclude that plaintiff's action is barred by Correction Law § 24 (1). The case of *Spitz v Coughlin* (161 AD2d 1088), relied upon by plaintiff, is distinguishable because of the direct violation of institutional rules and the substantial departure from the normal method of performing the duties of employment which occurred therein.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.