[675 NYS2d 143]

Erin Cavanaugh, Respondent-Appellant, v Thomas Doherty, Individually and as Appointment Secretary in the New York State Executive Department, et al., Appellants-Respondents.

Third Department, June 4, 1998

94

APPEARANCES OF COUNSEL

*Jerome K. Frost, P. C.,* Troy (*Jerome K. Frost* of counsel), for Thomas Doherty and another, appellants-respondents.

*Gleason, Dunn, Walsh & O'Shea,* Albany (*Mark T. Walsh* of counsel), for James Flateau, appellant-respondent.

*Bloomberg & Magguilli,* Albany (*Michael C. Magguilli* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

SPAIN, J.

Plaintiff was hired by the Department of Correctional Services (hereinafter DOCS) in March 1996; although she alleges that she was provided a job description detailing the position of a Public Relations Aide and performed the duties of such, she was actually employed under the title of Assistant Public Relations Officer in the Office of Public Relations. In June 1996, plaintiff's employment was terminated by her supervisor, defendant James Flateau, Director of Public Relations for DOCS. Plaintiff was fired allegedly after defendant John Patterson, the Deputy Commissioner of DOCS, had been induced or ordered to fire her as a result of a political argument in an Albany restaurant between plaintiff and defendant Thomas Doherty, a high-ranking official in the Executive Department. It is alleged that the argument was precipitated by Doherty's derogatory remarks concerning plaintiff's supervisors and their political affiliations. The verbal exchange culminated in plaintiff calling Doherty an "asshole", to which he allegedly responded that "he would 'have her job in the morning' ".

Plaintiff's termination within the next 48 hours is the subject of the instant action against defendants, both individually and in their respective official capacities. Specifically, plaintiff has alleged the following: (1) breach of employment contract, (2) abusive discharge and prima facie tort, (3) intentional interfer-

ence with contract, (4) breach of implied covenant to terminate plaintiff only for good cause, (5) breach of implied covenant of good faith and fair dealing, (6) violation of civil rights pursuant to 42 USC § 1983, (7) intentional infliction of emotional distress, and (8) violation of Labor Law § 201-d.

Doherty and Patterson moved to dismiss pursuant to CPLR 3211 for failure to state a cause of action, lack of jurisdiction and failure to join necessary parties.[1] Flateau also moved to dismiss on these grounds, as well as to dismiss the claim pursuant to 42 USC § 1983 raising the defense of qualified immunity. Plaintiff cross-moved for leave to amend for a second time seeking to add the State and DOCS as additional defendants, as well as to convert this action into a CPLR article 78 proceeding, if necessary.

Supreme Court determined that it did not have jurisdiction to hear five of the claims, to wit: breach of employment contract (first), breach of implied covenant to terminate only for good cause (fourth), breach of implied covenant of good faith/fair dealing (fifth), violation of civil rights (sixth) and violation of Labor Law § 201-d (eighth). Concluding that the Court of Claims had exclusive jurisdiction over these claims, Supreme Court dismissed these five causes of action without prejudice to pursue them in the Court of Claims. Additionally, Supreme Court retained jurisdiction over defendants in their individual capacities with regard to the claims for abusive discharge/ prima facie tort (second), intentional interference with contract (third), and intentional infliction of emotional distress (seventh); granted plaintiff's cross motion for leave to amend these causes of action; denied plaintiff's motion to convert the action into a CPLR article 78 proceeding; and denied defendants' motions to dismiss for failure to state a cause of action as to said three surviving causes of action. Supreme Court also directed that no further dispositive motions would be accepted until the completion of discovery. All parties have appealed.

■ Initially, we conclude that Supreme Court erred in dismissing the Federal civil rights (sixth) cause of action. The proper subject of an action pursuant to 42 USC § 1983 is a State official acting in excess of his or her authority and is "cognizable in the Supreme Court and not in the Court of Claims" (*Teddy's Drive In v Cohen*, 54 AD2d 898, 900, *affd* 47 NY2d 79; *see*, *Al-Jundi v Estate of Rockefeller*, 885 F2d 1060,

---

1. Doherty and Patterson apparently moved to dismiss the first amended complaint pursuant to CPLR 3211 and withdrew said motion in response to plaintiff's cross motion for leave to amend her complaint.

1065). The State is not a proper party to such claims because the State is not a "person" within the meaning of 42 USC § 1983 (*see, Ferrick v State of New York*, 198 AD2d 822, 823; *see also, Will v Michigan Dept. of State Police*, 491 US 58, 62-71; *cf., Monell v Department of Social Servs.*, 436 US 658). Accordingly, the Court of Claims is not the proper forum for said cause of action.

■ Next, we reject the contention of each of the three defendants that Supreme Court erred in failing to completely dismiss plaintiff's 42 USC § 1983 claim on the merits. Defendants argue that plaintiff was employed in a policy-making position for which her political affiliation provided a lawful basis for termination and, as such, they are qualifiedly immune from suit. We disagree.

"A government official performing a discretionary function is entitled to qualified immunity provided his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known [citation omitted]" (*Liu v New York City Police Dept.*, 216 AD2d 67, 68, *lv denied* 87 NY2d 802, *cert denied* 517 US 1167; *see, Butz v Economou*, 438 US 478, 506-507). In order for the burden to shift to the plaintiff to disprove qualified immunity, the public official must prove that the conduct complained of falls within the scope of his or her official duties (*see, Rich v Dollar*, 841 F2d 1558, 1563-1564; *Zeigler v Jackson*, 716 F2d 847, 849; *see generally, Butz v Economou, supra*, at 495) and, further, that the alleged conduct did not violate one of the plaintiff's constitutional or statutory rights (*see, Young v Selsky*, 41 F3d 47, 54, *cert denied* 514 US 1102). "The defendant must establish that he [or she] had an objectively reasonable belief that his [or her] act violated no clearly established rights [citation omitted]" (*id.*, at 54; *see, McEvoy v Spencer*, 124 F3d 92, 96-97; *cf., Rich v Dollar, supra*, at 1562-1563). Moreover, as such immunity is not absolute, a public official acting outside of his or her authority will not be entitled to such a defense (*see generally, Teddy's Drive In v Cohen*, 47 NY2d 79, 82, *supra*).

Doherty and Patterson have not established that their actions were within the ambit of their official capacities and that such actions did not violate plaintiff's constitutional right to free speech and political affiliation. Although they contend that plaintiff was employed in a policy-making position for which her political affiliation would be an appropriate ground for termination (*see, Vezzetti v Pellegrini*, 22 F3d 483, 486-488), there is a legitimate question of fact as to plaintiff's actual

employment status. There is also a question as to whether this case falls within the classification of free speech cases or those involving terminations which are motivated by political affiliations (*see, McEvoy v Spencer, supra*, at 97-105). Although, in our view, Flateau was acting within the ambit of his official duties, as he was instructed to fire plaintiff, none of the defendants has established that they had an objectively reasonable belief that their actions did not violate clearly established rights of plaintiff (*see, Young v Selsky, supra*, at 54), particularly as it appears that plaintiff's termination was retributive in nature for the personal affront to Doherty (*see, Vezzetti v Pellegrini, supra*, at 488) and because each was aware of or should have been aware of plaintiff's First Amendment rights.

Moreover, "[i]t is axiomatic that on a motion to dismiss the complaint for failure to state a cause of action, the court is required to view every allegation of the complaint as true and resolve all inferences in favor of the plaintiff regardless of whether the plaintiff will ultimately prevail on the merits" (*Grand Realty Co. v City of White Plains*, 125 AD2d 639; *see, Sanders v Winship*, 57 NY2d 391, 394). As such, accepting plaintiff's allegations as true for purposes of the motions to dismiss (*see, McEvoy v Spencer, supra*, at 95), we conclude that defendants have not established entitlement to qualified immunity. In view of the foregoing, the sixth cause of action should be reinstated against all defendants.

█ Next, we conclude that Supreme Court properly determined that it lacked jurisdiction over the first (breach of employment contract), fourth (breach of an implied covenant to terminate only for good cause), fifth (breach of an implied covenant of good faith and fair dealing) and eighth (violation of Labor Law § 201-d) causes of action. In this instance, plaintiff was provided with an employee manual which provides, in relevant part, as follows: "Departmental discipline may be imposed for violation of [DOCS] or facility rules, regulations, directives, or provisions of this manual; for failure or neglect in the performance of duties; for conduct prejudicial to the best interest of the service; or for any other good and sufficient reason. Discipline of employees shall be in accordance with disciplinary procedures specified by civil service law, contracts with employee organizations, and rules issued by the Commissioner." The State policy directives contained in the record also provide that "employees of New York State shall not use their official authority to influence the political action of any person.

Nor shall appointment to or removal from an office, in any manner, be affected by one's political affiliations." Plaintiff asserts that she relied upon these provisions and upon statements made to her in rejecting other job offers and accepting employment with DOCS. As these four claims concern plaintiff's official relationship with DOCS and all three defendants, Supreme Court correctly determined that it did not have jurisdiction and properly dismissed said four causes of action without prejudice to refile in the Court of Claims.

However, we do find merit in defendants' contentions that Supreme Court's dismissal of the aforesaid causes of action "without prejudice" did not grant them full relief and could result in prejudice to them in having to unnecessarily defend a separate action in the Court of Claims (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 544-545). Accordingly, in the interests of public policy and judicial economy, we will consider whether plaintiff has sufficiently alleged an express limitation on DOCS' ability to terminate her at-will employment or whether, as defendants contend, she has failed to state a cause of action in this regard.

Absent an agreement otherwise, employment for an indeterminate period of time is presumed to be employment at will (*see, Sabetay v Sterling Drug*, 69 NY2d 329, 333). There may, however, be circumstances in which an obligation of good faith and fair dealing will be implied and, therefore, enforced (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304; *Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465; *see, e.g., Wood v Duff-Gordon*, 222 NY 88). The Court of Appeals, however, has held that "absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" (*Murphy v American Home Prods. Corp., supra*, at 305; *see, Kaminski v United Parcel Serv.*, 120 AD2d 409, 412). To ascertain the potential enforceability of such an agreement, the court should consider whether the employee has forsaken other employment, whether the employee was informed that he or she would be terminated only for cause, whether that promise was incorporated into the employment application and whether reliance on the employee manual was stressed (*see, Weiner v McGraw-Hill, Inc., supra*, at 465-466). Notably, these guidelines are to be strictly construed (*see, Sabetay v Sterling Drug, supra*, at 336).

■ ■ Plaintiff has factually asserted that there was an express limitation on her at-will employment. As the employee

manual was distributed to 30,848 employees and plaintiff has specifically pointed to a provision providing for discipline for good and sufficient cause, taking all of the allegations of the complaint as true we conclude that plaintiff has sufficiently pleaded a cause of action for breach of contract (first), even though the provision in the employee manual was not as explicit as that in *Weiner v McGraw-Hill, Inc.* (*supra*; *but see, Sabetay v Sterling Drug, supra*, at 335-336; *Murphy v American Home Prods. Corp., supra*, at 304-305). Moreover, having alleged that she was terminated as a result of a discussion during recreational activities outside of the workplace in which her political affiliations became an issue, she has also stated a cause of action for a violation of Labor Law § 201-d (eighth) (*see,* Labor Law § 201-d; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *see also, Matter of Richardson v City of Saratoga Springs*, 246 AD2d 900; *but see, State of New York v Wal-Mart Stores*, 207 AD2d 150). Furthermore, as each of the aforesaid causes of action were brought against defendants in their official capacities and, therefore, are being brought against the State, we have concluded that Supreme Court properly determined that it did not have jurisdiction to hear the first and eighth causes of action which it dismissed without prejudice to refile in the Court of Claims.[2]

█ In light of Supreme Court's lack of jurisdiction over the first and eighth causes of action we also conclude that Supreme Court properly denied plaintiff's cross motion to convert those portions of this action involving defendants in their official capacities into a CPLR article 78 proceeding. However, because the Court of Appeals has declined to find an implied obligation sufficient to support a cause of action for breach of contract in the context of an alleged wrongful discharge, we also conclude that plaintiff has failed to state a cause of action regarding her fourth (breach of an implied covenant to terminate only for good cause) and fifth (breach of implied covenant of good faith and fair dealing) claims (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305, *supra*). Consequently, plaintiff's fourth and fifth causes of action should have been dismissed with prejudice.

---

**2.** As the action was timely commenced (*see,* CPLR 217) and service upon defendants was sufficient to toll the Statute of Limitations due to the unification of interest between defendants and the State (*see,* CPLR 203 [b] [1]), dismissal without prejudice to refile was appropriate (*compare, Matter of Baker v Town of Roxbury*, 220 AD2d 961, *lv denied* 87 NY2d 807).

Next, we conclude that Supreme Court properly granted plaintiff leave to amend her complaint for a second time, there being no prejudice or surprise to DOCS and the State and because of the unification of interest between defendants and the State (*see,* CPLR 203 [b] [1]). Moreover, Supreme Court correctly determined that plaintiff had the right to proceed against defendants in their individual capacities. "Generally, actions against State officers acting in their official capacity in the exercise of governmental functions are deemed to be, in essence, claims against the State and, therefore, suable only in the Court of Claims [citations omitted]" (*Morell v Balasubramanian,* 70 NY2d 297, 300-301; *see, Martin v Lanigan,* 150 AD2d 899, 901-902). However, not every action against a State official is an action against the State (*see, Morell v Balasubramanian, supra,* at 301-302); a tortious action against a State official for damages arising from his or her actions as an individual, rather than as an arm of the State, may be maintained in Supreme Court (*see, id.,* at 302; *see also,* Public Officers Law § 17).

◼ To sufficiently allege a cause of action for prima facie tort (second) a plaintiff must plead the intentional infliction of harm without justification or excuse, which results in special damages, by one or more acts which would otherwise be lawful (*see, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143). Such acts must be motivated solely by malevolence (*see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). It should also be noted that "[a] critical element of the cause of action is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages" (*Freihofer v Hearst Corp., supra,* at 143; *see, Curiano v Suozzi,* 63 NY2d 113, 117). Although a court may recognize this tort upon the satisfaction of the preceding elements, the Court of Appeals has declined to find a cause of action for abusive discharge of an at-will employee (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-302, *supra*). As plaintiff has alleged that her employment was intentionally terminated without justification and that such termination has resulted in severe damages, she has sufficiently alleged a cause of action for prima facie tort against Doherty and Patterson. Nonetheless, we also note that public policy prohibits the maintenance of a suit against the State or, by extension, an official acting in his or her official capacity for prima facie tort (*see, Van Buskirk v Bleiler,* 46 AD2d 707, 707-708). Therefore, the claim of prima facie tort (second) against Flateau, who was acting within the ambit of his official duties, should have been dismissed.

In a cause of action for intentional infliction of emotional distress (seventh), a plaintiff must plead and prove four elements: (1) extreme and outrageous conduct, (2) the intentional or reckless nature of such conduct, (3) a causal relationship between the conduct and the resulting injury, and (4) severe emotional distress (*see, Howell v New York Post Co.*, 81 NY2d 115, 121, 82 NY2d 690; *Fischer v Maloney*, 43 NY2d 553, 557; *see also, Klinge v Ithaca Coll.*, 235 AD2d 724, 727). The conduct in question must "transcend [all] bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community" (*Klinge v Ithaca Coll., supra*, at 727; *see, Howell v New York Post Co., supra*, at 122; *Freihofer v Hearst Corp., supra*, at 143; *Murphy v American Home Prods. Corp., supra*, at 303; *Glendora v Walsh*, 227 AD2d 377, *lv denied* 88 NY2d 812, *cert denied* 519 US 1122) and cause plaintiff to actually suffer severe emotional distress (*see, Klinge v Ithaca Coll., supra*, at 727).

██ Even if, as plaintiff alleges, Doherty "induced, influenced and/or ordered" Patterson to fire her, knowing that he had no legal basis for doing so, because she had insulted him during an after-hours discussion, and Patterson complied with Doherty's request despite his knowledge of its impropriety, these actions do not, in our view, rise to the level of "atrocious, indecent and utterly despicable conduct" (*Howell v New York Post Co., supra*, at 126) that would support a claim of this type. Although it might, under certain circumstances, be legally impermissible (on constitutional, statutory or contractual grounds) or "wholly inappropriate" (*Foley v Mobil Chem. Co.*, 214 AD2d 1003, 1005), the termination of a government employee who has expressed political views contrary to those of the incumbent administration and, in the context of an off-duty argument arising out of those political differences, has admittedly referred to a higher-ranking government official in a vulgar and disparaging manner, can hardly be said to be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency' " (*Murphy v American Home Prods. Corp., supra*, at 303, quoting Restatement [Second] of Torts § 46, comment *d*; *see, Fischer v Maloney, supra*, at 557; *Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 262-263; *Leibowitz v Bank Leumi Trust Co.*, 152 AD2d 169, 182).

And, while plaintiff places great weight on the fact that her claim is based on allegations that defendants abused their actual or apparent authority over her employment status, this factor—which is undoubtedly present whenever a person

believes he or she has been improperly terminated from a job—does not, without more, serve to distinguish this case from those in which similar claims have been rejected, as essentially constituting a mere "rephrasing of [a] basic wrongful discharge claim" (*Leibowitz v Bank Leumi Trust Co., supra*, at 182; *see, Murphy v American Home Prods. Co., supra*, at 303-304; *DeFilippo v Xerox Corp.*, 223 AD2d 846, 848, *lv dismissed* 87 NY2d 1056). Accordingly, we conclude that the seventh cause of action should have been dismissed against all defendants.

■ To establish a cause of action for interference with contract (third), a plaintiff must plead the following four elements: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94). Damages must be sustained for such a claim to be enforceable (*see, id.*, at 94). In our view, plaintiff has sufficiently pleaded a cause of action for intentional interference with contract against all three defendants.

Finally, it was not an abuse of Supreme Court's discretion to prohibit further dispositive motions until the completion of discovery, especially in light of the early procedural posture of this action and lack of discovery. We have considered the remaining contentions of the parties and find them unpersuasive.

MIKOLL, J. P., CREW III and YESAWICH JR., JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) dismissed the fourth and fifth causes of action without prejudice, (2) dismissed the sixth cause of action, (3) denied defendant James Flateau's motion to dismiss the second cause of action against him, and (4) denied defendants' motions to dismiss the seventh cause of action; defendants' motions to dismiss the fourth and fifth causes of action with prejudice are granted, defendants' motions to dismiss the sixth cause of action are denied, defendant James Flateau's motion to dismiss the second cause of action is granted and defendants' motions to dismiss the seventh cause of action are granted; and, as so modified, affirmed.