■ Larry Woodward, Appellant, v State of New York et al., Respondents. [805 NYS2d 670]—

Rose, J. Appeal from an order of the Supreme Court (Benza, J.), entered December 12, 2003 in Albany County, which partially granted defendants' motion to dismiss the complaint.

Plaintiff, a senior correction counselor, commenced this action against defendants—the State of New York, the Department of Correctional Services (hereinafter DOCS), his immediate supervisors and DOCS high-level management in their official and individual capacities—alleging that they violated his 1st, 5th and 14th Amendment constitutional rights by failing to promote him and reassigning him to a less desirable unit in retaliation for, among other things, filing employment-related grievances and exercising independent judgment in adjudicating inmate discipline cases. Plaintiff's complaint contained six causes of action, the first three brought under 42 USC § 1983 and the other three alleging similar violations of the New York Constitution, all seeking monetary, declaratory and injunctive relief.

As a result of two orders of dismissal, the only aspects of the complaint which remain are the portions of the first, second and fourth causes of action seeking declaratory relief against the individual defendants in their personal capacities. Plaintiff appeals only the most recent order,[1] contesting Supreme Court's dismissal of the portions of his 42 USC § 1983 causes of action seeking damages from defendants in their personal capacities as precluded by Correction Law § 24.[2]

Plaintiff argues that Correction Law § 24 is preempted by federal law and cannot preclude his claims because it obstructs

1. As limited by plaintiff's brief and his failure to appeal the earlier dismissal order, issues relating to his third, fifth and sixth causes of action and all causes of action against the state and individual defendants in their official capacities are not before this Court.

2. Correction Law § 24, in pertinent part, provides: "1. No civil action shall be brought in any court of the state . . . against any officer or employee of [DOCS], in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee. "2. Any [such] claim . . . shall be brought and maintained in the court of claims as a claim against the state."

enforcement of rights protected by 42 USC § 1983. We cannot agree. A finding of preemption here would have to be based on the unwarranted assumption that the states are required to provide a judicial forum for all section 1983 claims. Upon review of the cases considering the issue, we find no such federally-imposed mandate except where the state provides a forum for similar claims arising under state law (*see Martinez v California*, 444 US 277 [1980]). It was for this reason that this Court found no violation of the Supremacy Clause and no resulting federal preemption in *Cepeda v Coughlin* (128 AD2d 995, 997 [1987], *lv denied* 70 NY2d 602 [1987]). In *Cepeda*, as here, the issue raised was whether Correction Law § 24 violated the Supremacy Clause because it effectively precluded section 1983 claims for money damages against DOCS employees in their personal capacities. Although we found the issue to be unpreserved, we also observed that, in any event, there would be no violation because section 24 precludes all such civil actions whether arising under federal or state law. Finding authority in *Martinez v California* (*supra* at 283-284 n 7), we reasoned that since New York provides no forum for any similar state law claim, it is not required to provide a forum for section 1983 damages claims.

The more recent holdings in *Howlett v Rose* (496 US 356 [1990]) and *Felder v Casey* (487 US 131 [1988]) do not require a different conclusion. In *Howlett v Rose* (*supra*), the United States Supreme Court held that a Florida statute precluding 42 USC § 1983 claims against state defendants violated the Supremacy Clause because the Florida courts do entertain similar state-law claims against state defendants (*id.* at 375). The Florida courts had interpreted that state's waiver of sovereign immunity as not applying to section 1983 claims. Since other similar claims were not subject to the sovereign immunity defense, the Supreme Court held that section 1983 claims could not be precluded. However, the Court also stated: "The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the [s]tate create a court competent to hear [a] case in which the federal claim is presented" (*id.* at 372). As long as a state applies a rule of subject matter jurisdiction neutrally and not in a discriminatory manner, the state can refuse to provide a court of competent jurisdiction to hear section 1983 claims (*see id.* at 374-375). Since the New York courts, unlike those in Florida, do not entertain similar state-law claims, Correction Law § 24 does not violate the Supremacy Clause.

In *Felder v Casey* (*supra*), the United States Supreme Court

held that a Wisconsin notice of claim statute, which effectively shortened the statute of limitations, was preempted to the extent that it applied to 42 USC § 1983 claims. The Court reached this conclusion because the statute conflicted in both purpose and effect with the remedial objectives of section 1983, and its application to a section 1983 claim brought in state court could yield a different outcome than if it were brought in federal court (*id.* at 138, 152). Here, the state statute under scrutiny neutrally applies a rule of subject matter jurisdiction by denying a judicial forum to all similar claims for damages against DOCS employees in their personal capacities and does not, as in *Felder*, "place conditions on the vindication of a federal right" (*id.* at 147). Also, conspicuously absent from the opinion in *Felder* is a statement that the states are required to entertain section 1983 claims in their courts. Thus, we conclude that Correction Law § 24 is not preempted by federal law.

Nor can we agree that the application of Correction Law § 24 to plaintiff's action divests Supreme Court of subject matter jurisdiction. Plaintiff argues that since this Court found a 42 USC § 1983 claim against DOCS employees to be cognizable in Supreme Court in *Cavanaugh v Doherty* (243 AD2d 92 [1998]), section 24 cannot deprive Supreme Court of jurisdiction of his claim. *Cavanaugh v Doherty* (*supra*) is not comparable, however, and plaintiff's reliance upon it is unavailing. In *Cavanaugh*, a DOCS employee brought a section 1983 cause of action in Supreme Court against her DOCS supervisors for wrongful termination, but, unlike here, the applicability of section 24 was not considered. Instead, the issue was whether Supreme Court lacked jurisdiction because the action arguably asserted a claim against the State. We simply held that a section 1983 action based upon a claim that a state official acted outside the scope of his or her authority is not an action against the State and is cognizable in Supreme Court (*id.* at 96). In the complaint here, however, plaintiff alleges that "each individual defendant named herein was acting within the scope of his employment and authority and in the furtherance of the interests of his employers." Thus, *Cavanaugh* does not compel the conclusion that Supreme Court has jurisdiction of plaintiff's section 1983 claim.

As to the proper application of Correction Law § 24, we first note that the statute places actions for money damages against DOCS employees within the jurisdiction of the Court of Claims only where the conduct alleged is within the scope of the officer's employment and in the discharge of his or her official duties (*see Gore v Kuhlman*, 217 AD2d 890, 890 [1995]). The conditioning of the statute's effect upon these criteria reflects

the common-law principle that the State is the real party in interest where an action against a state officer is for conduct undertaken in an official capacity and in the exercise of an official governmental function (*see Morell v Balasubramanian*, 70 NY2d 297, 300 [1987]; *Sinhogar v Parry*, 53 NY2d 424, 431 [1981]; *Martin v Lanigan*, 150 AD2d 899, 901 [1989]). When these criteria are met, section 24 appropriately deems the State to be the real party in interest and the action to be within the exclusive jurisdiction of the Court of Claims (*see* NY Const, art VI, § 9). If, however, the DOCS officer's conduct is a breach of an individual duty and not in the exercise of an official governmental function, then the State is not the real party in interest and section 24 is not applicable (*see Mark v Vasseur*, 213 AD2d 927, 927 [1995], *lv dismissed* 85 NY2d 1032 [1995]; *see also Morell v Balasubramanian, supra* at 301-302; *Martin v Baughman*, 205 AD2d 966, 967 [1994]). Thus, where it is properly applied, section 24 does not infringe upon Supreme Court's general original jurisdiction (*see* NY Const, art VI, § 7 [a]).

Finally, we conclude that the criteria for the application of Correction Law § 24 are met here. Although Supreme Court expressly found only that defendants' alleged conduct was within the scope of their employment, the conduct also clearly arose out of defendants' discharge of their duties as plaintiff's supervisors, as in *Gore v Kuhlman* (*supra*).

Crew III, J.P. and Lahtinen, J., concur.

Kane, J. (dissenting). Because the majority interprets binding United States Supreme Court authority too narrowly, we dissent. Correction Law § 24 interferes with enforcement of the federal Civil Rights Act (*see* 42 USC § 1983).* Under the doctrine of preemption, which gives force to the Supremacy Clause (*see* US Const, art VI, § 2), any state law which interferes with or is contrary to a federal law must yield to that federal law (*see Felder v Casey*, 487 US 131, 138 [1988]; *Free v Bland*, 369 US

---

* Correction Law § 24 (1) provides: "No civil action shall be brought in any court of the state . . . against any officer or employee of the department [of correctional services], in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee."

42 USC § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

663, 666 [1962]). Federal laws are as much the laws of the states as if the state legislatures had enacted them; the Supremacy Clause makes federal laws the supreme law of the land, and state courts have a responsibility to enforce such laws according to the regular procedures of those courts (*see Howlett v Rose*, 496 US 356, 367 [1990]). If the application of Correction Law § 24 to 42 USC § 1983 claims brought in state courts is inconsistent with the goals of the federal civil rights laws and " 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' " (*Perez v Campbell*, 402 US 637, 649 [1971], quoting *Hines v Davidowitz*, 312 US 52, 67 [1941]; *see Felder v Casey, supra* at 137-138), then the federal laws will preempt the state statute.

Correction Law § 24 is an obstacle to the enforcement of 42 USC § 1983 rights because it completely bars such actions for monetary relief against individual employees of defendant Department of Correctional Services (hereinafter DOCS) in their personal capacity in any court in the state. State courts cannot deny a federal right in the absence of a "valid excuse," i.e., a neutral state rule regarding court administration which is not inconsistent with or in violation of federal law (*see Howlett v Rose, supra* at 369-370). "Federal law takes state courts as it finds them only insofar as those courts employ rules that do not 'impose unnecessary burdens upon rights of recovery authorized by federal laws' " (*Felder v Casey, supra* at 150, quoting *Brown v Western R. Co. of Ala.*, 338 US 294, 298-299 [1949]). We reject defendants' suggestion that Correction Law § 24 does not unnecessarily burden potential plaintiffs because they can bring 42 USC § 1983 actions in state court for declaratory or injunctive relief and use the results of those actions for collateral estoppel effect when bringing later monetary damages actions in federal court. Not only does this suggestion waste judicial resources, it demonstrates that Correction Law § 24 indeed frustrates the purpose of the federal laws and burdens litigants' rights of recovery by creating obstacles to bringing such actions in state courts and requiring two separate actions in two different jurisdictions to obtain full recovery.

The majority reads *Felder v Casey* (*supra*) and *Howlett v Rose* (*supra*) too narrowly. While it is true that Correction Law § 24 purports to deprive the state Supreme Court of jurisdiction over both state and federal claims for money damages, Supreme Court is a court of general jurisdiction that otherwise entertains both state and 42 USC § 1983 damages claims against state employees. Additionally, as defendants have conceded here, Supreme Court retains jurisdiction to adjudicate claims for

injunctive and declaratory relief against DOCS officers and employees under 42 USC § 1983. Correction Law § 24, under the rubric of jurisdiction, improperly prevents individuals from enforcing federal rights in state court without any "valid excuse" (*Howlett v Rose, supra* at 370, 378).

The majority places too much reliance on this Court's decision in *Cepeda v Coughlin* (128 AD2d 995 [1987], *lv denied* 70 NY2d 602 [1987]), where we stated, in dicta, that because Correction Law § 24 prohibits all civil actions against correction officers in their personal capacity, the statute does not violate the Supremacy Clause (*id.* at 997). Initially, as noted above, the statute does not prohibit all civil actions against DOCS employees; it only precludes actions for money damages. In addition, that decision predates guiding decisions from the United States Supreme Court (*see Howlett v Rose, supra*; *Felder v Casey, supra*). Because Correction Law § 24 burdens the right of recovery under federal law, creates obstacles to the enforcement of federal civil rights and frustrates the purposes of such laws, it is preempted by 42 USC § 1983 to the extent that such federal claims may be raised in state Supreme Court against DOCS employees and officers in their personal capacities.

Mugglin, J., concurs. Ordered that the order is affirmed, without costs.