■ JOEL MURRAY, Appellant, v T. REIF, Respondent. [828 NYS2d 669]—

Mugglin, J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 13, 2006 in Franklin County, which granted defendant's motion to dismiss the complaint.

Plaintiff, an inmate, brought this action against defendant, individually—not in his capacity as a correction officer—seeking compensatory and punitive damages based on, among other things, allegations of assault, intentional infliction of emotional harm and unlawful violation of constitutional rights. Defendant, pursuant to CPLR 3211 (a) (2), moved for dismissal, arguing that Supreme Court lacked subject matter jurisdiction because Correction Law § 24 vests exclusive jurisdiction of the claims alleged against him in the Court of Claims. Plaintiff opposed the motion by contending that Correction Law § 24 discriminates against 42 USC § 1983 civil rights claims and thus violates the Supremacy Clause of the US Constitution (US Const, art VI, § 2). Supreme Court disagreed with plaintiff's argument and found that plaintiff's complaint was insufficient to allege that defendant's actions were outside the scope of his official duties, and dismissed the complaint. Plaintiff appeals.

We agree with Supreme Court that Correction Law § 24 neither violates the Supremacy Clause nor is preempted by federal

law (*see Woodward v State of New York*, 23 AD3d 852 [2005], *lv dismissed* 6 NY3d 807 [2006]). Nevertheless, reversal is required. Correction Law § 24 has no application if the correction officer's conduct is a "breach of an individual duty and not in the exercise of an official governmental function" (*id.* at 856).

Supreme Court recognized this by stating that "[a]lthough [plaintiff] colors his claim by alleging [that defendant's] actions were not within the scope of his employment nor in the discharge of his official duties as a correction officer, the allegations belie his claim." We disagree. Given its required liberal construction, the complaint alleges that defendant assaulted plaintiff, threatened him, read his legal mail without permission, and importuned others not to feed plaintiff while he was in special housing. If true, it cannot be concluded that defendant was acting within the scope of his employment and Correction Law § 24 would not divest Supreme Court of jurisdiction of these claims. While we recognize that the record reflects that defendant has a very different version of the facts from that of plaintiff, Supreme Court did not convert this motion to one for summary judgment (*see* CPLR 3211 [c]; *Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]), summarily concluding that the officer was acting within the scope of his employment and the discharge of his duties was unwarranted on this record.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.