■ EDWARD KOEHL, Appellant, v S. MIRZA et al., Respondents. [832 NYS2d 829]—

Carpinello, J. Appeal from an order of the Supreme Court (McGill, J.), entered February 28, 2006 in Clinton County, which granted defendants' motion to dismiss the complaint.

Plaintiff, an inmate, filed the instant action in Supreme Court against defendants, all employees of the Department of Correctional Services, claiming that various decisions made by them in the context of their official duties were either negligent, in violation of his constitutional rights and/or in violation of 42 USC § 1983. Among the more serious allegations is the claim that certain defendants, in their capacities as prison dentists, failed to provide him with adequate dental care. At issue is plaintiff's appeal from an order of Supreme Court granting defendants' motion to dismiss the complaint for want of subject matter jurisdiction. We affirm.

Correction Law § 24 provides that an action against a Department of Correctional Services employee for "any act done or the failure to perform any act within the scope of the employment" (Correction Law § 24 [1]) must be commenced in the Court of Claims as a claim against the state (*see* Correction Law § 24

[2]). Thus, here, Supreme Court correctly ruled that there was no subject matter jurisdiction. While plaintiff argues that Correction Law § 24 violates the Supremacy Clause of the US Constitution, this Court has explicitly rejected this precise argument (*see Murray v Reif*, 36 AD3d 1167 [2007]; *Woodward v State of New York*, 23 AD3d 852 [2005], *lv dismissed* 6 NY3d 807 [2006]; *see also Haywood v Drown*, 35 AD3d 1290 [2006]). We see no reason to deviate from these holdings. Plaintiff's remaining arguments are either academic or without merit, including the argument that defendants' motion was untimely.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.