■ Steven Upsher, Respondent, v Subbaro V. Ramineni, M.D., et al., Appellants. [923 NYS2d 320]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered July 13, 2010, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (2), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Dismissal of the complaint is warranted in this action where plaintiff alleges that while incarcerated, he received negligent medical care from defendants doctors and nurses, who were all employees of the Department of Correction. "Correction Law § 24 provides that an action against a Department of Correctional Services employee for 'any act done or the failure to perform any act within the scope of the employment' (Correction Law § 24 [1]) must be commenced in the Court of Claims

as a claim against the state (*see* Correction Law § 24 [2])" (*Koehl v Mirza*, 39 AD3d 1092, 1092-1093 [2007], *mod on other grounds* 13 NY3d 897 [2009]; *see De Paolo v State of New York*, 99 AD2d 762, 763 [1984]; *Ruffin v Deperio*, 97 F Supp 2d 346, 355-356 [2000]). There exists no basis to deviate from the plain language of section 24 (*see generally Matter of Polan v State of N.Y. Ins. Dept.*, 3 NY3d 54, 58 [2004]), which immunizes "any officer or employee" from individual liability for acts or omissions taken "within the scope of the employment."

Furthermore, defendants correctly contend that the United State Supreme Court's decision in *Haywood v Drown* (556 US —, 129 S Ct 2108 [2009]) has no bearing on this matter, as it does not involve a claim brought under 42 USC § 1983. Concur—Gonzalez, P.J., Mazzarelli, Richter, Manzanet-Daniels and Román, JJ.