Rothschild v Braselmann (2018 NY Slip Op 00054)





Rothschild v Braselmann


2018 NY Slip Op 00054


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524521

[*1]MARTIN J. ROTHSCHILD, Appellant,
v
PETER A. BRASELMANN, Individually and as Agent of ARNOT OGDEN MEDICAL CENTER, et al., Respondents.

Calendar Date: November 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Cherundolo Law Firm, PLLC, Syracuse (J. Patrick Lannon of counsel), for appellant.
Eric T. Schneiderman, Attorney General, Albany (Patrick A. Woods of counsel), for Peter A. Braselmann and others, respondents.
Ricotta & Visco, Buffalo (Thomas J. Callocchia of counsel), for Arnot Ogden Medical Center, respondent.
Fager Amsler, Keller & Schoppmann, LLP, Latham (Mia D. VanAuken of counsel), for Elmira Urological Associates PC, respondent.
Napierski, Vandenburgh, Napierski & O'Connor, LLP, Albany (Diane Lufkin Schilling of counsel), for Irwin Lieb and others, respondents.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (O'Shea, J.),
entered September 21, 2016 in Chemung County, which, among other things, granted defendants' motions to dismiss the complaint.
In 2013 and 2014, plaintiff, while an inmate at Elmira Correctional Facility and Clinton Correctional Facility, suffered serious urological problems that led to hospitalization for septic shock. Plaintiff commenced the instant action (hereinafter the Supreme Court action) in October 2015 alleging negligence and medical malpractice against five doctors and the employers of three of those doctors. Prior to the Supreme Court action, plaintiff filed a claim in the Court of Claims [*2](hereinafter the Court of Claims action) in September 2014, alleging similar negligence and medical malpractice. Also prior to the Supreme Court action, plaintiff filed a complaint pursuant to 42 USC § 1983 in the United States District Court for the Northern District of New York (hereinafter the federal action), alleging that the inadequate medical care that he received while incarcerated constituted cruel and unusual punishment in violation of the Eighth Amendment. The federal action names as defendants four of the doctors who are defendants in the Supreme Court action — defendants Peter A. Braselmann, Richard Adams, Vonda L. Johnson and Irwin Lieb.
Defendants all moved to dismiss the complaint in the Supreme Court action pursuant to CPLR 3211 (a) (4) on the ground that the other actions filed by plaintiff allege the same misconduct. Braselmann, Adams and Johnson, in their motion to dismiss, also sought dismissal of the complaint pursuant to CPLR 3211 (a) (8) on the ground of improper service. Plaintiff opposed these motions and cross-moved to have affidavits of service for Adams and Johnson deemed timely nunc pro tunc. Adams and Johnson opposed the cross motion. Supreme Court granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (4) and denied plaintiff's cross motion. Supreme Court did not address the motion by Braselmann, Adams and Johnson to dismiss based on improper service. Plaintiff now appeals.
Initially, the Supreme Court action against Braselmann, Adams and Johnson must be dismissed because Correction Law § 24 deprives Supreme Court of subject matter jurisdiction [FN1] over state law torts brought against employees of the Department of Corrections and Community Supervision (hereinafter DOCCS) for actions or omissions within the scope of their employment; rather all such claims must be brought in the Court of Claims (see Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630-631 [2011]). Here, the record establishes that these three doctors are DOCCS employees and any medical malpractice or negligence alleged occurred within the scope of that employment, precluding subject matter jurisdiction in Supreme Court (see Upsher v Ramineni, 84 AD3d 653, 653-654 [2011], lv denied 17 NY3d 710 [2011]; cf. Morell v Balasubramanian, 70 NY2d 297, 300-301 [1987]). Further, as any liability against defendant Arnot Ogden Medical Center would be solely vicarious based upon Braselmann's liability, Supreme Court lacks subject matter jurisdiction as to the claims against it. This determination renders academic plaintiff's remaining contentions regarding dismissal of the Supreme Court action against Braselmann, Adams and Johnson.
Lieb and defendant Alan Angell are not DOCCS employees; rather, they are medical doctors who provided contractual medical services to plaintiff, hence Correction Law § 24 does not deprive Supreme Court of subject matter jurisdiction (see Morell v Balasubramanian, 70 NY2d at 301; Woodward v State of New York, 23 AD3d 852, 855-856 [2005], lv dismissed 6 NY3d 807 [2006]). Nevertheless, these defendants assert that under CPLR 3211 (a) (4), the Supreme Court action must be dismissed against them as duplicative of the federal action and the Court of Claims action. While the federal court possesses supplemental jurisdiction to hear the state claims (see 28 USC § 1367; Grimmett v Corizon Med. Assoc. of New York, US Dist Ct, SD NY, 15-CV-7351, Oetken, J., 2017), this jurisdiction is tethered to plaintiff's federal tort claim alleging a violation of the Eighth Amendment. These two actions proceed under different [*3]legal theories inasmuch as the federal claim requires proof that the officials were deliberately indifferent to plaintiff's serious medical issues (see Estelle v Gamble, 429 US 97, 104 [1976]), whereas medical malpractice requires merely the showing that a departure from accepted medical practice was the proximate cause of plaintiff's injuries (see Webb v Albany Med. Ctr., 151 AD3d 1435, 1436 [2017]; Vaughan v Saint Francis Hosp., 29 AD3d 1133, 1136-1137 [2006]). Accordingly, plaintiff may be unable to establish the Eighth Amendment claim, and, while the federal court could still retain the supplemental state claims, it is not required to and the action could be dismissed (see Liberty Mut. Ins. Co. v Harvey Gerstman Assoc., Inc., US Dist Ct, ED NY, 11-CV-4825, Feuerstein, J., 2012). Because it is impossible to speculate whether the federal court would dismiss or retain jurisdiction in this situation, the federal action cannot be said to be duplicative, as plaintiff may be unable to obtain full relief therein. Further, even though such a dismissal would not be on the merits, savings provisions that would otherwise permit timely refiling in state court may not be available due to core statute of limitations issues that may be present in a state court action.[FN2]
The legal theory in the Court of Claims action is nearly identical to the Supreme Court action, and it is not disputed that the two actions arise out of the same set of facts. Moreover, Correction Law § 24-a provides that licensed physicians providing contractual medical care at the request of DOCCS are covered by the defense and indemnity provisions in Public Officers Law § 17, as long as the injury was not the result of intentional wrongdoing. As such, it appears that the dismissal of the Supreme Court action would not prejudice plaintiff's right to receive full recovery from all defendants, as intentional wrongdoing is not part of the Supreme Court action and any damages attendant to Lieb's or Angell's malpractice or negligence would be borne by the state in the Court of Claims action.
However, while these defense and indemnity provisions appear to apply to Lieb and Angell, the record is not fully developed at this time to make such a definite determination. Indeed, despite currently defending Angell, the state has neither conceded nor admitted in any of its submissions or pleadings that it is statutorily bound by Correction Law § 24-a and Public Officers Law § 17 (3) (a) to indemnify Lieb and Angell. As such, it is possible, depending on the proof, that the state could refuse to indemnify relative to fault attributed to these two defendants, and plaintiff's recovery in the Court of Claims action could then be diminished; as such, given the dismissal of the Supreme Court action, plaintiff would be left without recourse against Lieb and Angell. This potential outcome, while unlikely, is also unfair. Nevertheless, these two actions are closely related and the potential for disparate outcomes, as well as judicial economy, are all important considerations that were appropriately weighed by Supreme Court. Here, however, the totality of the circumstances mitigate in favor of denying the motion to dismiss with respect to Lieb, Angell and their respective medical groups, but without prejudice, and otherwise staying the Supreme Court action, pending the outcome of the Court of Claims action (see CPLR 3211 [a] [4]; Flintkote Co. v American Mut. Liab. Ins. Co., 103 AD2d 501, 507-508 [1984], appeal dismissed in part 64 NY2d 882 [1985], affd 67 NY2d 857 [1986]; Siegel, NY Prac § 262 at 459-460 [5th ed 2011]). This result would effectively preserve any rights of recovery that plaintiff has available, prevent disparate outcomes and limit duplicative and costly litigation.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted motions by defendants Irwin Lieb, Alan Angell, Elmira Urological Associates, PC and Adirondack Surgical Group, LLP; said motions denied, without prejudice, and Supreme Court to stay the action pending the final disposition of the Court of Claims action; and, as so modified, affirmed.



Footnotes

Footnote 1: While not raised in the motion to dismiss, lack of subject matter jurisdiction can be raised at any time, even for the first time on appeal (see Turtle Is. Trust v County of Clinton, 125 AD3d 1245, 1248 [2015], lv denied 26 NY3d 912 [2015]; Caci v State of New York, 107 AD3d 1121, 1122 [2013]). 

Footnote 2: CPLR 205 (a) only extends the statute of limitations if the new action would have been timely commenced at the time that the prior action was dismissed. The claims in the Supreme Court action have never been asserted in the federal court and now appear to be time-barred pursuant to CPLR 214-a, rendering the CPLR 205 (a) extender inapplicable.