■ RESOURCE FINANCING, INC., et al., Respondents, v NA-
TIONAL CASUALTY COMPANY et al., Respondents, et al., Defen-
dant, and ANNE M. VOGEL, Doing Business as ANNE M. VOGEL
INSURANCE AGENCY, Appellant. [614 NYS2d 485] —Appeal (trans-
ferred to this Court by order of the Appellate Division, Second
Department) from an order of the Supreme Court (Beisner, J.),
entered October 13, 1992 in Dutchess County, which, *inter
alia,* denied a cross motion by defendant Anne M. Vogel for
summary judgment dismissing the complaint against her.

On May 26, 1989, plaintiff Robert Hankin became the
assignee of a $120,000 mortgage given contemporaneously to
plaintiff Resource Financing, Inc. At the closing, the mortga-
gor and owner of the mortgaged property, FGMM Enterprises,
Inc., arranged, at plaintiffs' insistence, to have its counsel call
the office of defendant Anne M. Vogel, an insurance agent and
broker, in order to confirm that there was insurance coverage
in place to protect the interests of both Hankin and Resource.
Vogel allegedly agreed to issue a binder for coverage and the
loan transaction closed.

Thereafter, inquiries as to different insurance coverage for
the property resulted in the acquisition of a policy for FGMM
through defendant National Casualty Company that became
effective on October 2, 1989. On December 6, 1989, before
plaintiffs had a chance to learn that the old coverage had
lapsed or review the new policy to make sure that the proper
payees were named, the insured premises were completely
destroyed by fire. While the policy issued by National did not
indicate the interest of any mortgagee as a loss payee, Na-
tional nevertheless agreed that Resource was the proper loss
payee. However, National rejected any claim by Hankin as
assignee because he was not named as a mortgagee.

In their lawsuit against the various defendants involved,
plaintiffs alleged principally that Vogel was negligent in
failing to make sure that insurance coverage protected plain-
tiffs' interests as mortgagee and assignee. Supreme Court
declined to grant summary judgment to Vogel based on her
argument that she did not owe any duty to plaintiffs as a
matter of law. We agree with this conclusion. In light of
letters in the record that were sent by Vogel to Resource in
June 1989 indicating to it that Resource and its successors
and assigns were appropriately covered, we find that issues of
fact were raised with respect to Vogel's duty to plaintiffs and
her awareness of the appropriate designations to be used in
policies to ensure that loss payees are protected. Unlike other

situations where no duty has been found between mortgagees and brokers, here plaintiffs, *inter alia,* specifically insisted upon proper insurance coverage and the closing of FGMM's loan went forward based upon Vogel's affirmative assurance that it would be provided.

Cardona, P. J., Crew III, Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.