■ MINDY ROCHLIN, Appellant, v FUNDADOR ALAMO et al., Defendants, and BERNARD A. KARRON et al., Respondents. (Action No. 1.) BERNARD KARRON, Appellant, v FUNDADOR ALAMO et al., Defendants, and HAWKINS AVENUE SHELL, INC., Respondent. (Action No. 2.) [619 NYS2d 75] —In two related actions to recover damages for personal injuries, (1) Mindy Rochlin, the plaintiff in Action No. 1, appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Vinik, J.), dated June 15, 1992, as, upon a trial ruling granting the motion of Bernard A. Karron, the defendant in Action No. 1 and the plaintiff in Action No. 2, for a dismissal of the complaint in Action No. 1 insofar as asserted against him, dismissed the complaint in Action No. 1 insofar as it is asserted against him, and, upon a trial ruling granting the motion of the defendant Hawkins Avenue Shell, Inc., a defendant in both actions, to set aside the jury's verdict and dismiss the complaint in Action No. 1 insofar as it is asserted against it, dismissed the complaint in Action No. 1 insofar as it is asserted against it, and (2) Bernard A. Karron, the plaintiff in Action No. 2., appeals, as limited by his brief, from so much of the same judgment as, upon a trial ruling granting the motion of the defendant Hawkins Avenue Shell, Inc., to set aside the jury's verdict and dismiss the complaint insofar as asserted against it, dismissed the complaint in Action No. 2 insofar as it is asserted against it.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Hawkins Avenue Shell, Inc., is

awarded one bill of costs payable by the plaintiffs in Action Nos. 1 and 2.

The appellant Mindy Rochlin was a passenger in a vehicle driven by the appellant Bernard Karron when the vehicle they were riding in was struck from the rear by another vehicle, and ultimately flipped over several times, injuring both appellants.

Rochlin's claim that Karron acted unreasonably in the course of conduct he chose when confronted with an emergency situation represents nothing more than a claim that he made an error of judgment, a claim to which, under the circumstances, no liability may attach, and it is pure speculation to assume that the accident would have been avoided had Karron spotted the offending vehicle in the rear view mirror immediately prior to the accident *(see, Lackner v Roth,* 166 AD2d 686, 687).

Further, there was no evidence to warrant the inference that the defendant Hawkins Avenue Shell, Inc. (hereinafter Hawkins), should have known that its employee, who stole the offending vehicle from its service station after the station had closed for business, was potentially dangerous; therefore, there was no negligence on its part in hiring the employee *(see, Detone v Bullit Courier Serv.,* 140 AD2d 278, 280-281; *cf., Haddock v City of New York,* 75 NY2d 478; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431). Furthermore, " '[n]egligence is the absence of care, according to the circumstances' " *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 341), and even assuming, *arguendo,* that Hawkins should have made a more thorough inquiry into its employee's background, and that if it had, it would have discovered that the employee's driver's license had been suspended for failure to answer various summonses, that information would not have indicated that the employee had a propensity to steal cars *(see, e.g., Mimoun v Bartlett,* 162 AD2d 506; *cf., O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, *supra).* Therefore, contrary to the appellants' contention, any negligence of Hawkins at most would be considered " 'negligence in the air' ", and " '[p]roof of negligence in the air, so to speak, will not do' " *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 341, *supra);* the negligence must be the proximate cause of the plaintiffs' injuries *(see, Dunn v State of New York,* 29 NY2d 313, 318; *cf., O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, *supra).*

In addition, in view of the fact that the employee stole the offending vehicle after the service station had closed, and that

Hawkins had no notice of its employee's alleged propensity to steal cars, under the facts and circumstances of this case, its purported lack of supervision or inadequate training of its employee cannot be said to be the proximate cause of the appellants' injuries *(see, Dunn v State of New York,* 29 NY2d 313, 318, *supra).* Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.