■ RESOURCE FINANCING, INC., et al., Appellants, v NATIONAL CASUALTY COMPANY et al., Defendants, and ANN M. VOGEL, Doing Business as ANN M. VOGEL INSURANCE AGENCY, Respondent. [631 NYS2d 411] —In an action, inter alia, for reformation of a policy of insurance and to recover damages for negligence, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), entered March 11, 1994, which upon granting the motion of the defendant Ann M. Vogel d/b/a Ann M. Vogel Insurance Agency made at the close of the plaintiffs' case to dismiss the complaint insofar as it is asserted against her, is in favor of her and against them dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Resource Financing, Inc., was the mortgagee of certain premises and assigned the mortgage to the plaintiff Robert Hankin. The defendant Ann M. Vogel d/b/a Ann M. Vogel Insurance Agency (hereinafter Vogel) procured a policy of insurance covering the premises issued by the defendant National Casualty Company (hereinafter National Casualty).

However, the policy failed to list Resource Financing, Inc. (hereinafter Resource Financing), as a named mortgagee and also failed to list assignees of the mortgagee as beneficiaries thereunder. The mortgaged premises were subsequently destroyed by fire, and the plaintiffs made claims under the policy. Robert Hankin's claim was predicated on the ground that the mortgage had been assigned to him. When National Casualty rejected the plaintiffs' claims they commenced this action to recover damages of $120,000. National Casualty thereafter agreed to entertain the claim of Resource Financing, as the mortgagee, but nevertheless moved for summary judgment dismissing the complaint insofar as it asserted on behalf of Robert Hankin on the ground that he was not a named mortgagee in the policy. The plaintiffs did not cross-move for summary judgment against National Casualty.

In an order dated October 6, 1992, the Supreme Court, inter alia, denied National Casualty's motion to dismiss the plaintiffs' cause of action for reformation of the insurance policy, expressly observing that "[s]ince National does not recognize plaintiff Hankin's interest absent the language 'its assigns and/or successors', it is, in effect, rewriting the policy to eliminate entirely the interest of a mortgagee, *and this was not mutually intended*" (emphasis supplied). National Casualty did not appeal from the order. Moreover, notwithstanding the foregoing language in the order, the plaintiffs did not move for summary judgment against National Casualty. Rather, the plaintiffs settled their claim against National Casualty for $45,000 and proceeded to a nonjury trial against Vogel. At the close of the plaintiffs' evidence, the Supreme Court granted Vogel's motion to dismiss the complaint insofar as it is asserted against her. We now affirm.

It is axiomatic that liability for negligence will not attach absent proof that the negligence was the proximate cause of the harm sued upon (*see, Dunn v State of New York,* 29 NY2d 313; *Rochlin v Alamo,* 209 AD2d 499). The Supreme Court properly granted Vogel's motion to dismiss, since the plaintiffs failed to demonstrate that their damages were proximately caused by any negligence on the part of Vogel in procuring a policy of insurance which allegedly failed to protect their interests in the mortgaged premises. Rather, the record demonstrates that the plaintiffs' loss was proximately caused by their settlement of their claim against National Casualty for $45,000 after the court had determined that the insurance policy included the mortgagee and its assignees as beneficiaries thereunder. Indeed, contrary to the position of the plaintiffs

and the dissent, the Supreme Court's order dated October 6, 1992, did not merely deny National Casualty's motion for summary judgment. The clear and unequivocal import of the order was that, in accordance with the mutual intent of the parties to the insurance policy, the policy should be construed to protect the interests of Robert Hankin as the assignee of Resource Financing, Inc. Furthermore, the court specifically found that the contrary interpretation advanced by National Casualty was an impermissible attempt to rewrite the policy, and National Casualty did not appeal from the order. Accordingly, the plaintiffs were entitled to recover the full amount of their loss from National Casualty pursuant to the insurance policy as construed in the order. The dissent accurately observes that the Supreme Court had the authority to search the record and award judgment in favor of the nonmoving plaintiffs in its October 6, 1992, order (see, CPLR 3212 [b]). However, the court was under no obligation to do so, and it was instead incumbent upon the plaintiffs to seek summary judgment against National Casualty for the full amount of the loss. They failed to do so, and their settlement of the claim against National Casualty for a lesser amount was the proximate cause of their damages and superseded any purported negligence on the part of Vogel. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.

Copertino, J., dissents and votes to reverse the order and judgment appealed from, reinstate the complaint insofar as asserted against Ann M. Vogel d/b/a Ann M. Vogel Insurance Agency, and remit the matter to the Supreme Court, Dutchess County, for further proceedings consistent herewith, with the following memorandum: On May 26, 1989, Michael Morin, Sandra Morin, and FGMM Enterprises, Inc., executed a mortgage on certain real property located in Greenwood Lake, Orange County, in favor of the plaintiff Resource Financing, Inc. (hereinafter Resource Financing), in the amount of $120,000. Resource Financing immediately assigned the mortgage to plaintiff Robert Hankin.

The mortgagors retained the defendant Ann M. Vogel, d/b/a Ann M. Vogel Insurance Agency (hereinafter Vogel), to procure insurance on the premises as required by the mortgage. Vogel obtained a policy through the New York Property Insurance Underwriting Association (hereinafter NYPIUA) which named Resource Financing and its successors and/or assigns as first mortgagee.

Thereafter, in order to obtain a more favorable policy, Vogel submitted an insurance application to, among others, the de-

fendant Lovullo Associates, Inc. (hereinafter Lovullo Associates). The application listed "Resorts *[sic]* Financing, Inc." as the mortgagee. Lovullo Associates arranged for a policy with the defendant National Casualty Company (hereinafter National Casualty). National Casualty's policy, which was effective October 2, 1989, did not list a mortgagee. Meanwhile, NYPUIA cancelled its policy on the property as of September 24, 1989.

On December 14, 1989, the mortgaged premises were destroyed by fire. National Casualty originally refused to entertain any claim by a mortgagee because none was listed on the policy. National Casualty then agreed to consider a claim by Resource Financing as mortgagee. However, National Casualty ultimately denied Resource Financing's claim because it had assigned the mortgage to Hankin and therefore had no interest in the property. National also denied Hankin's claim because he was not named on the policy as a mortgagee of the premises.

Resource Financing and Hankin commenced this action against Vogel, National Casualty, Lovullo Associates, and NYPIUA. The first two causes of action in the amended complaint, which were ultimately dismissed and are not at issue on this appeal, alleged negligence and breach of contract on the part of NYPIUA. The third cause of action sought reformation of the insurance policy with National Casualty, and the fourth cause of action was to impose an equitable lien on the proceeds of the insurance policy. The fifth cause of action alleged that Vogel and Lovullo Associates were negligent in not procuring an insurance policy naming Resource Financing and Hankin as mortgagees. The sixth cause of action alleged that Vogel breached her contractual obligation to procure insurance for the benefit of the plaintiffs. The complaint demanded damages of $120,000.

National Casualty and Lovullo Associates moved for summary judgment dismissing the third, fourth, and fifth causes of action insofar as asserted against them. The plaintiffs crossmoved for summary judgment in their favor against Vogel, and Vogel cross-moved for summary judgment dismissing the causes of action asserted against her.

In an order dated October 6, 1992, the Supreme Court denied the plaintiffs' motion and Vogel's cross motion, finding issues of fact regarding Vogel's duty to the plaintiffs and her alleged breach of that duty. The court granted Lovullo Associates' motion to dismiss the fifth cause of action as against it, concluding that there was no evidence that Lovullo Associates owed a duty to ascertain the correct designation of the mortgagee.

As to the branch of the motion which was to dismiss the third cause of action for reformation of the policy, the Supreme Court stated:

"It is undisputed that both parties intended that the policy was to protect the interests of a named insured and the interest of a mortgagee. National does not dispute that the named mortgagee is Resource Financing, Inc. whose claim National does not recognize because Resource Financing had assigned its interest in the mortgage to plaintiff Hankin before the loss occurred. Unlike the mortgagee in *Leavitt-Berner Tanning Corp. [v] American Home Assurance Co.*, 129 AD2d 199, upon which National relies in part, the mortgagee in this action did not have the insurance policy at issue in its possession before the loss. Since National does not recognize plaintiff Hankin's interest absent the language 'its assigns and/or successors', it is, in effect, rewriting the policy to eliminate entirely the interest of a mortgagee, and this was not mutually intended (cf.[,] *Matter of Frutiger*, 29 NY2d 143, 150).

"Under these circumstances that portion of National's motion which seeks an order dismissing plaintiffs' third cause of action seeking reformation must be denied".

The court also denied the branch of the motion which was to dismiss the fourth cause of action for imposition of an equitable lien insofar as asserted against National Casualty because National Casualty's "motion does not specifically address this cause of action".

Vogel's appeal from the order dated October 6, 1992, was transferred to the Third Department for disposition. In affirming the order, the Third Department agreed with the Supreme Court's conclusion that issues of fact were raised "with respect to Vogel's duty to plaintiffs and her awareness of the appropriate designations to be used in policies to ensure that loss payess are protected" *(Resource Fin. v National Cas. Co.*, 206 AD2d 749).

The plaintiffs subsequently settled their claims against National Casualty for $45,000. The action then proceeded to a nonjury trial at which the only witness to testify was Vogel, the only remaining defendant. Vogel contended at trial that any negligence on her part did not cause Hankin any damage because according to the court's order of October 6, 1992, which was the law of the case, Hankin was entitled to recover from National Casualty on the reformed policy. Vogel argued that any damages suffered by Hankin were therefore attributable to the fact that he settled his claims against National Casualty for less than the policy amount rather than any negligence on

her part. The plaintiffs disputed Vogel's assessment of the impact of the Supreme Court's prior order.

In a decision dated February 22, 1994 the Supreme Court stated, in relevant part:

"After the presentation of the plaintiff's case at trial the defendant has made a motion to dismiss arguing that no action of Anne M. Vogel was a proximate cause of injury to the plaintiff. It is the defendant's position that the law of this case, by virtue of the October 6, 1992. Order, is that the insurance policy issued by National Casualty Company covered the insurable interest of the plaintiff Robert Hankin. Therefore Mr. Hankin was entitled to payment in full under that policy and the fact that he settled for an amount less than his interest should not inure to the detriment of Vogel.

"The court finds the defendant's argument compelling. As the court has held, Mr. Hankin was indeed covered by the National Casualty Company policy. Therefore even if the court were to find that Ms. Vogel was negligent in not procuring language explicitly covering the heirs and assigns of the mortgagee, such negligence did not occasion any loss to Mr. Hankin".

The court therefore granted Vogel's motion to dismiss because the plaintiffs failed to prove by a preponderance of the evidence that her actions were a proximate cause of injury to Hankin. A judgment dismissing the complaint as against Vogel was entered on March 11, 1994.

On this appeal, the plaintiffs Resource Financing and Hankin argue that the Supreme Court erred in interpreting its order of October 6, 1992 as reforming the insurance contract. I find their argument to be persuasive. The relevant portion of the prior order addressed the branch of the motion of National Casualty and Lovullo Associates which was for summary judgment dismissing the plaintiffs' third cause of action for reformation of the insurance contract. The plaintiffs did not cross-move for judgment in their favor on the third cause of action. In both the decretal paragraph and the body of the order, the Supreme Court merely stated that the motion, to the extent that it sought dismissal of the third cause of action, was denied. The denial of a motion for summary judgment does not automatically result in judgment for the party opposing the motion. Although the court certainly had the power to search the record and grant judgment in favor of the plaintiffs (see, CPLR 3212 [b]), the court clearly did not do so, and concluded only that National Casualty was not entitled to dismissal of the third cause of action, thereby leaving an open issue as to the reformation of the insurance contract.

The plaintiffs were therefore justified in believing that absent a compromise, the matter would proceed to trial against Vogel and National Casualty. Moreover, the plaintiffs had no reason to believe that a settlement with National Casualty would ultimately bar recovery against Vogel, because the issue of reformation had not been resolved.

The Supreme Court's conclusion that its prior order was dispositive of the cause of action for reformation was contrary to the clear language of the prior order, which, as stated, merely denied National's motion for summary judgment. Vogel essentially conceded at trial that she was negligent, and does not dispute that Hankin has not recovered his losses to the full extent of his interest in the property. Because the Supreme Court erroneously interpreted its prior order as granting judgment as a matter of law to the plaintiffs on the third cause of action against National Casualty for reformation, I conclude that the court erred in dismissing the complaint as against Vogel.