Remy v. N.Y.S. Dep't of Taxation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand thirteen.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> RALPH K. WINTER,
> GUIDO CALABRESI,
> > *Circuit Judges.*

_____

Lesly Remy,

> *Plaintiff-Appellant,*

v.                                             11-1921

New York State Department of Taxation and Finance, New York State Office of Temporary and Disability Assistance, New York State Office Children and Family Services, New York City Office of Child Support Enforcement, AKA SCU a subdivision of NYC Human Resources Administration, New York City Employee Retirement Services, Support Magistrates, New York State Clerk of Court, New York City Fire Dept EMS Paramedic John Doe number

1, a sub division, S. Michael Fondocaro, Joette Blaustein, George Cafasso, Ira Steinberg, Robert L. Megna, David Hansell, Gladys Carrion, Francis Pardu Abbadessa, Diane D'Alessandro, Peter Passidomo, Esq., John Aman, C. Duncan Kerr, Jaynee Wall, L. Bishop, Robert Doar, Sawatar Singh, Phil Ramos, New York State Assembly Member, Michele Titus, New York State Assembly Member, Vivian Cook, New York State Assembly Member, Gloria D'Amico, David Patterson, Governor, Michael Bloomberg, Mayor, City of New York, State of New York, Debra Barticheck, New York State Court Officer, Maria Cooper, Miles Mckenna, James Drakos, Joseph Guzzardo, et al., Fred Beneri,

*Defendants-Appellees*

Commissioners, Directors, Chiefs, Captain John Doe number 1, New York State Court Officer, New York State Court Officers John/Jane Doe 1, 2, 3, 4,

*Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lesly Remy, *pro se*, Brentwood, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Michael A. Cardozo, Corporation Counsel for the City of New York, Paul Rephen, Inga Van Eysden, of Counsel, New York, NY, *for the New York City Defendants-Appellees*. |
| | Eric T. Schneiderman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Michael S. Belohlavek, Senior Counsel; Patrick J. Walsh, Assistant Solicitor General of Counsel, New York, NY, *for the New York State Defendants-Appellees*. |

Appeal from the September 29, 2010, and April 26, 2011, orders of the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Lesly Remy, proceeding <u>pro se</u>, appeals from the district court's judgment partially granting the defendants's motions to dismiss various claims for lack of jurisdiction and for failure to state a claim. We assume the parties's familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, although Remy raises challenges to the district court's November 2011 order granting summary judgment, we lack jurisdiction to consider them because he did not file a separate notice of appeal following entry of that order. <u>See Shrader v. CSX Transp. Inc.</u>, 70 F.3d 255, 256 (2d Cir. 1995) (where a notice of appeal "fail[s] to mention" a specific order, we are "bar[red] from considering" an appellate challenge to it). We limit our review to Remy's appeal from the district court's September 2010 order dismissing the complaint against all parties except the court officers, and April 2011 order denying his motion for reconsideration.

"A challenge under the Rooker-Feldman doctrine is for lack of subject matter jurisdiction." Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 2002). In evaluating the dismissal of a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6), we review a district court's factual findings for clear error and its legal conclusions de novo, construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in plaintiff's favor. See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (Rule 12(b)(1)); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). In adjudicating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), courts may consider "evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Remy's protestations about the district court's application of the Rooker-Feldman doctrine are not persuasive. "Rooker-Feldman directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit

4

commenced." McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010). Here, contrary to Remy's assertions, the record shows that he lost repeatedly in state court. See, e.g., Matter of Remy v. Mitchell, 60 A.D.3d 860, rearg. denied and lv. denied, 2009 N.Y. Slip Op. 73279 (2d Dep't 2009) (dismissing Remy's appeal from an order of the Family Court, Queens County, which fixed his child support arrears in the amount of $5,691.13). Remy is incorrect that his losses were merely administrative or ministerial and therefore outside the ambit of Rooker-Feldman. The Family Court's arrears order was an entirely sufficient judicial loss because Remy had a full and fair opportunity to litigate that issue. See Phifer v. City of New York, 289 F.3d 49, 57 (2d Cir. 1996) ("This court may not review the family court's determinations regarding custody, neglect and visitation, as those issues were decided by the family court after providing [the plaintiff] a full and fair opportunity to litigate those issues.").

Remy's federal complaint seeks direct review of prior state court judgments.[1] Thus, under Rooker-Feldman, this court does not have subject matter jurisdiction to disturb his state court judgments. The district court's partial dismissal of his complaint was therefore appropriate.

---

[1] For example, Remy argues that a state memorandum decision "denied [him] the equity of NYS Family Law [and] Domestic Relations Law in the area of [p]arental visitation."

5

We have considered Remy's remaining arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk