**Edwin CRUZ, Plaintiff,**

v.

**State of NEW YORK, et al., Defendants.**

**No. 13–CV–6131 EAW.**

United States District Court, W.D. New York.

Signed June 6, 2014.

300

Edwin Cruz, Auburn, NY, pro se.

Bernard F. Sheehan, NYS Attorney General's Office, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### INTRODUCTION

*Pro se* Plaintiff, an inmate at Southport Correctional Facility ("SCF"), brings this action against the State of New York and Department of Corrections ("DOC") officials pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment and New York State law. (Dkt. 1). Specifically, Plaintiff asserts the following causes of action: (1) a first cause of action against the individual correction officer defendants, S. Waters and C. Clark, alleging violations of the Eighth Amendment; (2) a second cause of action against the State of New York and the "Supervisory Defendants" (New York State DOC Commissioner Brian Fischer, DOC Superintendent Thomas Griffin, and DOC Deputy Superintendent of Security M. Sheahan), also alleging violations of the Eighth Amendment; (3) a third cause of action for assault and battery against the individual correction officer defendants S. Waters and C. Clark, and against New York State based on the doctrine of *respondeat superior,* and (4) a fourth cause of action for "negligent hiring/training/retention" against the State of New York and the Supervisory Defendants. (Dkt. 1).

Presently before the Court is Defendants' motion to dismiss the complaint in part pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt. 14). Defendants move to dismiss all causes of action except for the first cause of action against the individual correction officer defendants. (Dkt. 1 & 14). For the reasons set forth below, Plaintiff's second cause of action for violation of the Eighth Amendment is dismissed as to Defendants New York State and Brian Fischer in his official capacity. Plaintiff's third cause of action for assault and battery and his fourth cause of action for negligent hiring, training, and retention also are dismissed. However, Defendants' motion is denied to the extent it seeks dismissal of Plaintiff's second cause of action against Brian Fischer in his individual capacity, as well as Thomas Griffin and M. Sheahan.

## BACKGROUND

Plaintiff alleges that, on September 17, 2011, he was housed in the Special Housing Unit ("SHU") at SCF. (Dkt. 1 at ¶¶ 1, 19–20). At approximately 7:40 a.m. on that day, Plaintiff was preparing for recreation in B-block and had mechanical restraints applied to his wrists. (*Id.* at ¶ 20). After Plaintiff was handcuffed and shackled, Correction Officer defendant S. Waters ("Officer Waters") allegedly "forcefully struck" Plaintiff in the head from behind, causing Plaintiff to collapse to the ground. (*Id.* at ¶ 21). While Plaintiff was lying on the ground, Officer Waters and Corrections Officer defendant C. Clark ("Officer Clark") allegedly kicked Plaintiff in the ribs, face, head, back, legs, arms and torso. (*Id.*). Plaintiff alleges that he vomited three times during the "examination" after the beating and suffered visible injuries to his head, face, and back. (*Id.* at ¶ 22). Plaintiff was transferred via ambulance to Arnot Ogden Medical Emergency where he was diagnosed with a facial contusion, head injury, bruised ribs, facial swelling, and abrasions and bruises on his back, head, and body. (*Id.*). Plaintiff alleges that he continues to suffer physical and emotional injuries as a result of the assault by Officers Waters and Clark. (*Id.* at ¶ 23).

Plaintiff filed his complaint on January 28, 2013, alleging violations against the State of New York; former Commissioner of the New York State DOC, Brian Fischer, in his individual and official capacity; former Superintendent of SCF, Thomas Griffin, in his individual capacity; former Deputy Superintendent of Security at SCF, M. Sheahan, in his individual capacity; Officer Waters, in his individual capacity; and Officer Clark, in his individual capacity. (*Id.* at ¶¶ 9–14).[1] The complaint alleges four causes of action, including a first cause of action for violations of 42 U.S.C. § 1983 pursuant to the Eighth Amendment against Officers Waters and Clark; a second cause of action for violations of 42 U.S.C. § 1983 pursuant to the Eighth Amendment against the Supervisory Defendants (Brian Fischer, Thomas Griffin, and M. Sheahan); a third cause of action for assault and battery against Officers Waters and Clark and against Defendant New York State under the doctrine of *respondeat superior;* and a fourth cause of action for negligent hiring, training, and retention against New York State and the Supervisory Defendants. (*Id.* at 9–13).

Plaintiff's basis for his claims against the State of New York and the Supervisory Defendants is that they, in their supervisory capacities, are responsible for promulgating, implementing, and overseeing policies relating to the conduct of DOC personnel and overseeing the implementation of security cameras at SCF. (*Id.* at ¶¶ 9–12). Plaintiff further alleges that New York State and the Supervisory Defendants "tolerated and were deliberately indifferent to a pattern and practice of staff brutality and retaliation. . . ." (*Id.* at ¶ 30). Plaintiff alleges that the State and Supervisory Defendants were aware of corrections officers' use of excessive force against inmates through DOC's "elaborate reporting system" and through complaints to the Commissioner, grievances, the inspector general, and department reports. (*Id.* at ¶¶ 15–18).

Plaintiff submitted a motion to amend his complaint on November 15, 2013, and the motion was filed on December 3, 2013. (Dkt. 13). Defendants filed this motion to dismiss the complaint in part on December 3, 2013. (Dkt. 14). United States District

---

1. Plaintiff also names 30 "John Does" as defendants sued in their individual capacities, but does not make any allegations against them. (Dkt. 1 at 1).

Judge Charles J. Siragusa initially denied Plaintiff's motion to amend because Plaintiff failed to submit a proposed amended complaint. (Dkt. 16). Judge Siragusa subsequently converted Plaintiff's motion, which was filed before Defendants filed their motion to dismiss, to a motion to extend the time for filing an amended complaint as of right under Fed.R.Civ.P. 15, and extended Plaintiffs time to file an amended complaint to February 3, 2014. (Dkt. 18). Plaintiff never filed an amended complaint but instead moved for a default judgment as to Defendants Clark and Waters. (Dkt. 24). Plaintiff's motion for a default judgment was denied because Defendants Clark and Waters had moved to dismiss the complaint on December 3, 2013, which was prior to the time their answers were due on December 10 and 11, 2013. (Dkt. 25).

Defendants seek dismissal on the following grounds: (1) Plaintiff's second, third, and fourth claims against Defendants New York State and Brian Fischer, in his official capacity, should be dismissed; (2) Plaintiff's second cause of action against the Supervisory Defendants pursuant to the Eighth Amendment should be dismissed because Plaintiff failed to allege facts supporting deliberate indifference; (3) Plaintiff's second cause of action against the Supervisory Defendants pursuant to the Eighth Amendment should be dismissed because Plaintiff failed to allege facts supporting personal involvement by the Supervisory Defendants; (4) Plaintiff's third cause of action for assault and battery should be dismissed; and (5) Plaintiff's fourth cause of action for negligent hiring, training, and retention should be dismissed. (Dkt. 14). Defendants did not move for dismissal of Plaintiff's first cause of action alleging Eighth Amendment claims against correction officers Waters and Clark. Plaintiff submitted a response on January 2, 2014, contesting the timeliness of the answers filed by Defendants Waters and Clark, and also arguing that Defendants' motion to dismiss "be mooted for noncompliance with local civil rule 12.1." (Dkt. 22).

## DISCUSSION

### I. Legal Standard

" 'In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.' " *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (internal quotations and citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (internal quotations and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir.2008) (alteration in original) (internal quotations and citations omitted).

In addition, "[i]t is well-settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001) (internal quotations and citation omitted); *see also Hemphill v. New York,* 380 F.3d 680, 687 (2d Cir.2004) (alteration in original) (internal citation omitted) ("It is well-established that 'when [a] plaintiff proceeds *pro se* ... a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'"). Moreover, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth,* 745 F.2d 781, 785 (2d Cir.1984).

## II. Plaintiff's request that Defendants' Rule 12(b)(6) motion be mooted is denied.

Plaintiff's January 2, 2014, response contests the timeliness of the answers filed by Defendants Waters and Clark and also requests that Defendants' 12(b)(6) motion be mooted for failure to comply with "local civil rule 12.1" which, according to Plaintiff, requires a defendant to provide a *pro se* plaintiff with a notice stating that the motion "can be interpreted as a motion for summary judgment." (Dkt. 22 at ¶ 6). Contrary to Plaintiff's allegations, there is no such rule in this District. Although L.R. Civ. P. 56(b) requires that a party moving for summary judgment file a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion for Summary Judgment," the moving party is not required to do so on a motion to dismiss.

With regard to Plaintiff's contention that Defendants Waters and Clark were not permitted to file late answers, Judge Siragusa previously denied Plaintiff's motion for a default judgment on the grounds that both Defendants moved to dismiss the complaint (Dkt. 25), and this Court will not disturb that decision. Accordingly, Plaintiff's request that Defendants' Rule 12(b)(6) motion be mooted is denied.

## III. Plaintiff's claims against the State of New York and Defendant Fischer in his official capacity are dismissed.

Defendants move to dismiss Plaintiff's claims against New York State and Brian Fischer in his official capacity on the grounds that those claims are barred by the Eleventh Amendment. (Dkt. 14–1 at 6–7).

Plaintiff alleges three claims against the State of New York, including his second claim for violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983, his third claim for assault and battery under the doctrine of *respondeat superior,* and his fourth claim for negligent hiring, training, and retention of employment services. Plaintiff's claims against the State of New York are dismissed. Under the Eleventh Amendment, states and their agencies are immune from suits brought by private parties in federal court, unless Congress "unequivocally expresses its intent" to abrogate that immunity and "acts pursuant to a valid exercise of power," or a state waives its immunity. *In re Charter Oak Assocs.,* 361 F.3d 760, 765 (2d Cir.2004) (internal quotations and citation omitted). This ju-

risdictional bar applies "whether the relief sought is legal or equitable." *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (2d Cir.1986). Plaintiff does not allege that Congress has expressed the intent to allow Plaintiff to sue New York or that New York has waived its immunity. Therefore, all of Plaintiff s claims against the State of New York, including claims for violations of the Eighth Amendment, assault and battery claims pursuant to *respondeat superior,* and negligent hiring, training, and retention claims, are dismissed.

■ Furthermore, with regard to Plaintiff's 42 U.S.C. § 1983 claims against the State of New York "even putting Eleventh Amendment considerations aside, the State of New York cannot be considered a 'person' capable of being sued under § 1983." *Remy v. NYS Dep't of Taxation & Fin.,* No. CV 09–4444(SJF)(AKT), 2010 WL 3925184, at *17, 2010 U.S. Dist. LEXIS 104782, at *51 (E.D.N.Y. Aug. 18, 2010), *aff'd,* 507 Fed.Appx. 16 (2d Cir.2013) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities,* 64 F.3d 810, 815 (2d Cir. 1995)). Accordingly, Plaintiff's 42 U.S.C. § 1983 cause of action fails to state a claim against the State of New York.

■ Plaintiff's claims against Defendant Fischer in his official capacity, including his second claim for violation of the Eighth Amendment, his third claim for assault and battery, and his fourth claim for negligent hiring, training, and retention of employment services, also are dismissed. The protections of the Eleventh Amendment extend to state officials acting in their official capacity. *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *see also Fulton v. Goord,* 591 F.3d 37, 45 (2d Cir.2009); *K &*

*A Radiologic Tech. Svcs., Inc. v. Comm'r of Dep't of Health,* 189 F.3d 273, 278 (2d Cir.1999). "This is so because ... a judgment against a public servant in his official capacity imposes liability on the entity that he represents...." *Graham,* 473 U.S. at 169, 105 S.Ct. 3099 (internal quotations and citation omitted). Although there is an exception for suits against state officials acting in their official capacities when a plaintiff seeks prospective injunctive relief from violations of federal law, *State Employees Bargaining Agent Coal. v. Rowland,* 494 F.3d 71, 95 (2d Cir.2007), here, Plaintiff seeks only monetary relief. (Dkt. 1 at 13–14). Therefore, Plaintiff's claims against Defendant Fischer in his official capacity are dismissed.

## IV. Plaintiff has stated a claim for violation of the Eighth Amendment against the Supervisory Defendants.

Defendants argue that Plaintiffs' Eighth Amendment claim against the Supervisory Defendants should be dismissed because (1) Plaintiff has failed to allege "deliberate indifference" on the part of the Supervisory Defendants; and (2) Plaintiff has failed to allege personal involvement by the Supervisory Defendants.

■ Prison officials may be held liable for violations of the Eighth Amendment under 42 U.S.C. § 1983. Although "[a]n individual cannot be held liable for damages under § 1983 merely because he holds a position of authority ... he can be held liable if he was personally involved in the alleged deprivation." *Celestin v. Premo,* Civ. No. 9: 12–CV–0301 (GLS/RFT), 2013 U.S. Dist. LEXIS 184273, at *8 (N.D.N.Y. Dec. 9, 2013).

Pursuant to *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995), personal involve-

ment may be shown by evidence of the following:

(1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred; or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring.

To demonstrate an Eighth Amendment violation, an inmate must allege that (1) "the deprivation alleged must be, objectively, sufficiently serious" and (2) "[the] prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations and citations omitted). "For a claim ... based on failure to prevent harm, the inmate must show that he is incarcerated under conditions imposing a substantial risk of serious harm." *Id.* The second requirement, which requires "culpable intent," "involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk to take reasonable measures to abate the harm." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir.1996) (citing *Farmer*, 511 U.S. at 831–32, 114 S.Ct. 1970). An inmate may successfully make such a claim if he is able to show "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the

circumstances suggest that the defendant official being sued had been exposed to information concerning the risk and thus must have known about it...." *Farmer*, 511 U.S. at 842–43, 114 S.Ct. 1970.

## A. Plaintiff has alleged deliberate indifference.

Defendants argue that Plaintiffs claims based on Defendants' "deliberate indifference" to a pattern and practice of staff brutality towards inmates must be dismissed because (1) Plaintiff fails to provide specific facts supporting the widespread abuses he alleges, and (2) Plaintiff fails to support his allegations that the Supervisory Defendants were personally involved or aware of widespread abuses.

■ With regard to the first prong of the two-prong test articulated by the Supreme Court in *Farmer v. Brennan*, that Plaintiff's injury is "sufficiently serious," Plaintiff alleges that he sustained injuries to his head, face, ribs, and back serious enough that he was transported to an off-site hospital for treatment. (Dkt. 1 at 22). He also alleges that he vomited three times as a result of the attack by Defendants Waters and Clark. (*Id.*). Plaintiff's allegations of injury satisfy the "sufficiently serious" prong of the test. *See Coronado v. Goord*, No. 99 Civ. 1674(RWS), 2000 WL 1372834, at *3, 2000 U.S. Dist LEXIS 13876, at *10 (S.D.N.Y. Sept. 26, 2000) (documentation of injury "serious enough to justify transporting [plaintiff] to an off-site hospital is evidence that there was a risk of sufficiently serious harm to state a claim for the deprivation of [plaintiff's] Eighth Amendment rights.").

■ With regard to the second prong of the test, "deliberate indifference," Plaintiff does not allege that he was attacked by prison officials prior to the September 17, 2011, incident. However, a plaintiff is not

required to allege a "particularized risk" to him personally; "it is sufficient under *Farmer* that prison conditions posed a generalized threat to the safety of all inmates." *Coronado,* 2000 WL 1372834, at *5, 2000 U.S. Dist. LEXIS 13876, at *16. Plaintiff alleges that Defendant Fischer "was provided on a daily basis with reports of applications of force, allegations of excessive use of force and other breaches of security in the Department facilities." (Dkt. 1 at ¶ 10). He also alleges that Defendants Fischer, Griffin, and Sheahan "knew and/or should have known that the pattern of physical abuse described above existed in the State prisons prior to and including the time of the assault of plaintiff." (*Id.* at ¶ 31). Specifically, he alleges these Defendants' awareness through "DOC's elaborate reporting system," as well as through "[c]omplaints to the Commissioner, [g]rievances and the Inspector General, and [d]epartment reports." (*Id.* at ¶¶ 16, 18). Plaintiff alleges that the Supervisory Defendants had knowledge of "the failure of the Department to place surveillance cameras on [g]alleries that house the Special Housing Unit," (*id.* at ¶ 17), and that the Special Housing Unit's lack of cameras for security reasons resulted in serious injuries to inmates housed there (*id.* at ¶ 16). Plaintiff also alleges that Defendants' tolerance of abuse by correction officers "constituted a municipal policy, practice or custom;" that Defendants' conduct was a "substantial factor" in the continuation of violence by correction officers; and that the Supervisory Defendants permitted, tolerated, and sanctioned the "persistent and widespread policy" of abuse. (*Id.* at ¶¶ 30–32.).

Plaintiff has alleged sufficient facts to support deliberate indifference on the part of the Supervisory Defendants. As explained above, the Supervisory Defendants "are alleged to have received extensive information concerning the ... pattern of incidents involving ... violence and the failure of DOC to prohibit staff from continuing such conduct, and have failed to take any steps to curb those unconstitutional abuses." *Plunkett v. City of New York,* No. 10–CV–6778(CM), 2011 WL 4000985, at *9, 2011 U.S. Dist. LEXIS 100471, at *26 (S.D.N.Y. Sept. 2, 2011). Additionally, Plaintiff has alleged a particular policy as having caused the alleged assault; specifically, the failure of the Supervisory Defendants to place security cameras in the Special Housing Unit in order to deter correction officers from inflicting abuse on inmates. (*Id.* at ¶¶ 16–17). *See Celestin,* 2013 U.S. Dist. LEXIS 184273, at *10 (noting defendant's failure to identify a particular policy causing the alleged assault). With regard to the Supervisory Defendants' knowledge of the alleged abuse by correction officers, Plaintiff's complaint contains an entire section ("New York State Prisons: A History of Abuse"), in which he details how the Supervisory Defendants have knowledge of specific abuses occurring within the Special Housing Unit. (Dkt. 1. at 6–7). Accordingly, Defendants' motion to dismiss Plaintiff's second cause of action for failure to allege deliberate indifference against Defendants Fischer, Griffin, and Sheahan, is denied.

## B. Plaintiff has alleged personal involvement.

Defendants further argue that Plaintiff has failed to allege the personal involvement necessary to state an Eighth Amendment violation by prison officials. (Dkt. 14–1 at 10). Specifically, Defendants argue that the Supervisory Defendants were not personally involved in the events that occurred on September 17, 2011. (*Id.* at 11).

As explained in Section IV(A) of this Decision and Order, *supra,* Plaintiff has

sufficiently alleged facts demonstrating personal involvement by the supervisory Defendants under category (5) of the *Colon* categories. To the extent that Defendants argue that *Ashcroft v. Iqbal* limits the application of the *Colon* categories so that only the first and third categories under *Colon* apply, as explained in Section IV(A), *supra*, Plaintiff also has alleged sufficient facts that the Supervisory Defendants created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom. Accordingly, Defendants' motion to dismiss Plaintiff's Eighth Amendment claims against the Supervisory Defendants for failure to allege facts supporting personal involvement is denied.

## V. Plaintiff's assault and battery claims are dismissed.

Defendants contend that Plaintiff's assault and battery claims against Defendants Waters and Clark should be dismissed pursuant to Correction Law § 24, and that these claims are duplicative of Plaintiff's excessive force claim. (Dkt. 14–1 at 13–14).

█ Plaintiff's state law claims against Defendants Waters and Clark are barred because New York Correction Law § 24 shields them from liability for state law claims in both state and federal court. New York Correction Law § 24 states, in relevant part:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, ... in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

N.Y. Correct. Law § 24. "The jurisdictional limitation of § 24 is broad, and 'immunity is not necessarily unavailable simply because the challenged conduct is violative of regulations of the Department of Correctional Services, or otherwise beyond the officer's authority.'" *Johnson v. New York State Dept. of Corr. Svcs. and Comm. Supervision*, No. 11–CV–07S, 2013 WL 5347468, at *2, 2013 U.S. Dist. LEXIS 136520, at *5 (W.D.N.Y. Sept. 23, 2013) (quoting *Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir.1997)).

█ Defendants cite the case of *Heyliger v. Gebler*, 496 F.Supp.2d 250 (W.D.N.Y.2007), which is instructive. In that case, the plaintiff, an inmate, alleged that defendant correction officers committed an unprovoked assault on him. Plaintiff commenced an action under 42 U.S.C. § 1983, suing various prison officials and the correction officers for assault, slander, and violations of the New York State constitution. The correction officers moved to dismiss on the grounds that Plaintiff's claims were barred by Correction Law § 24. In holding for defendant correction officers, the court noted that "'[i]t is well-settled that Section 24 shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute.'" *Id.* at 252 (quoting *Ierardi*, 119 F.3d at 186). "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Ierardi*, 119 F.3d at 187; *see also Donahue v. Bennett*, No. 02–CV–6430, 2003 WL 21730698, at *4, 2003 U.S. Dist. LEXIS 12601, at *11–12 (W.D.N.Y. June 23, 2003); *Ward v. LeClaire*, No. 07–CV–6145CJS, 2008 WL 3851831, at *4–5, 2008 U.S. Dist. LEXIS 62626, at *12–14 (W.D.N.Y. Aug. 14, 2008); *Boyd v. Selmer*, 842 F.Supp. 52, 57 (N.D.N.Y.1994) (dismissing plaintiff's state claims for assault

and battery against defendant correction officers as the result of an unprovoked beating).

■■■ Viewing the complaint in the light most favorable to Plaintiff, his claims against Waters and Clark arise out of acts they performed within the scope of their employment. The test to determine "whether the defendants' actions fall within the scope of their employment is whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of instructions." *Donahue*, 2003 WL 21730698, at *4, 2003 U.S. Dist. LEXIS 12601, at *12–13 (citing *Ierardi*, 119 F.3d at 188); *see also Riviello v. Waldron*, 47 N.Y.2d 297, 302, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (1979). "Conduct engaged in 'for purely personal reasons unrelated to the employer's interests, ... which is a substantial departure from the normal methods of performing [an officer's or employee's] duties' is not considered within the scope of employment." *Johnson*, 2013 WL 5347468, at *2, 2013 U.S. Dist. LEXIS 136520, at *6 (citing *Gore v. Kuhlman*, 217 A.D.2d 890, 891, 630 N.Y.S.2d 141 (1995)) (alterations in original). "Among the factors to be weighed are: the connection between the time, place and occasion for the act; the history of the relationship between the employer and employee as spelled out in actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated." *Riviello, Al* N.Y.2d at 303.

Plaintiff alleges that, on September 17, 2011, while he was being transported for recreation, Defendant Waters struck him in the head from behind, and that Defendants Waters and Clark kicked him while he was lying on the ground. (Dkt. 1 at ¶ 21). "Those acts, even if violative of

Plaintiff's constitutional rights, were clearly done within the scope of defendant's employment." *Heyliger*, 496 F.Supp.2d at 253. Plaintiff himself alleges that Defendants Waters and Clark were "acting in their capacities as DOC Officers, and within the scope of their employment, ..." at the time of the alleged assault and battery. (Dkt. 1 at 11). Furthermore, Plaintiff alleges that these acts were "condoned by [their] supervisors...." *Johnson*, 2013 WL 5347468, at *3, 2013 U.S. Dist. LEXIS 136520, at *9. For example, Plaintiff alleges that the Supervisory Defendants were aware of the abuse of inmates by correction officers but failed to take any action to correct the problem. (Dkt. 1 at ¶¶ 9, 15–18).

■■■ "Custody and control of inmates and the maintenance of prison safety and security are the primary duties and responsibilities of correction officers. It cannot be said that their conduct was outside the scope of their employment." *Cepeda v. Coughlin*, 128 A.D.2d 995, 997, 513 N.Y.S.2d 528 (3d Dep't 1987). As alleged by Plaintiff, the incident involving Waters and Clark purportedly occurred with the approval of their supervisors and during the course of their employment. (Dkt. 1 at ¶¶ 10–14). The incident also occurred at Defendants' place of employment and while they were performing a routine responsibility. The alleged acts taken by Defendants Waters and Clark occurred within the scope of their employment and are protected by New York Correction Law § 24. Accordingly, Plaintiff's assault and battery claims against Defendants Waters and Clark are dismissed.

## VI. Plaintiff's negligent hiring, training, and retention claims are dismissed.

Defendants argue that Plaintiff's negligent hiring, training, and retention claims should be dismissed. (Dkt. 14–1 at 15).

As an initial matter, Defendants correctly argue that Plaintiff cannot bring a negligence claim under 42 U.S.C. § 1983. (*Id.*). However, Defendants mischaracterize Plaintiff's negligent hiring claims because, based on this Court's reading of the complaint, Plaintiff presumably brings his negligent hiring claims under New York State law, and not pursuant to 42 U.S.C. § 1983.

■ Nonetheless, Plaintiff's claims for negligent hiring, retention, and training must be dismissed pursuant to Correction Law § 24 "because Corrections Law § 24 applies as a jurisdictional limitation...." *Johnson*, 2013 WL 5347468, at *3–4, 2013 U.S. Dist. LEXIS 136520, at *10. Although that argument was not specifically raised by Defendants, Courts have an obligation to address issues of jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006). Correction Law § 24 applies to claims of negligent hiring, retention, and training. *See Blanche v. Pierelli*, 08 Civ. 4751(RJH), 2009 WL 2499737, at *8, 2009 U.S. Dist. LEXIS 72903, at *23–24 (S.D.N.Y. Aug. 18, 2009) (dismissing plaintiff's state law claims, including claims for negligent hiring and retention, pursuant to Correction Law § 24 for lack of subject matter jurisdiction); *Lee v. New York Dep't of Corr. Servs.*, 97 Civ. 7112(DAB), 1999 WL 673339, at *3–4, 1999 U.S. Dist. LEXIS 13214, at *9–12 (S.D.N.Y. Aug. 30, 1999) (dismissing plaintiff's claims, including her claims for negligent hiring, training, and supervision, pursuant to Correction Law § 24).

■ Even if his claims were not barred by Correction Law § 24, Plaintiff has failed to allege sufficient facts to state a claim for negligent hiring, training, or retention because his allegations are conclusory. "A claim for negligent hiring, retention, supervision, and training is based on the employer's direct negligence." *Bouche v. City of Mount Vernon*, No. 11 Civ. 5246(SAS), 2012 WL 987592, at *9, 2012 U.S. Dist. LEXIS 40246, at *29–30 (S.D.N.Y. Mar. 23, 2012) (internal quotations and citations omitted). "Claims for negligent hiring and retention arise from an employer 'having placed the employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in making its decision concerning the hiring and retention of the employee.'" *Saldana v. Port Chester*, No. 09 Civ. 6268(SCR)(GAY), 2010 WL 6117083, at *5, 2010 U.S. Dist. LEXIS 142099, at *15 (S.D.N.Y. July 21, 2010) (citing *Sheila C. v. Povich*, 11 A.D.3d 120, 129–30, 781 N.Y.S.2d 342, 350 (1st Dep't 2004)). Similarly, "[c]laims for negligent supervision and training arise when an employer has notice of the employee's tendency for the bad conduct and its lack of supervision or inadequate training is the proximate cause of a plaintiff's injuries." *Id.* (citing *Rochlin v. Alamo*, 209 A.D.2d 499, 500, 619 N.Y.S.2d 75, 77 (2d Dep't 1994)). "Thus, an essential element of a cause of action in negligent hiring, retention, ... and training is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Bouche*, 2012 WL 987592, at *9, 2012 U.S. Dist. LEXIS 40246, at *30 (internal quotations and citations omitted).

■ Here, Plaintiff alleges that the Supervisory Defendants knew or should have known that Defendants Waters and Clark were "potentially dangerous." (Dkt. 1 at 13). Plaintiffs allegation is conclusory and unsupported by any factual allegations supporting his assertion. Plaintiff also alleges that the Supervisory Defendants had knowledge of the "routine, dangerous and unconstitutional use of excessive force ...." used generally by staff at New York State Correctional Facilities. (*Id.* at ¶ 15). However, Plaintiff fails to allege that the

**312**

Supervisory Defendants were aware of the prior use of force by Defendants Waters or Clark specifically. Plaintiff has not alleged that Defendants Waters or Clark previously physically assaulted other inmates· or had a history of assaulting inmates such that the Supervisory Defendants should have had knowledge of their tendency to commit acts of violence against inmates. Under New York law, a Plaintiff must show an employer had or should have had knowledge of the unconstitutional behavior by the employee who harmed a plaintiff. "Without the knowledge element, a plaintiff cannot establish a prima facie case...." *Sanusi v. Dep't of Homeland Sec.,* No. 06–CV–2929 (SJ), 2010 WL 10091023, at *20, 2010 U.S. Dist. LEXIS 146004, at *58 (E.D.N.Y. Dec. 1, 2010); *see also Colon,* 58 F.3d at 873 (dismissing plaintiff's negligent training and supervision claim because it failed to set forth facts indicating that the employer had knowledge of a correction officer's alleged wrongs); *Haybeck v. Prodigy Servs. Co.,* 944 F.Supp. 326, 332 (S.D.N.Y.1996) (dismissing claims for negligent hiring and retention because plaintiff failed to allege that defendant knew about employee's tortious conduct).

Accordingly, Plaintiff's claims for negligent hiring, retention, and· training are dismissed.

### CONCLUSION

Plaintiff's second cause of action brought pursuant to the Eighth Amendment is dismissed as to Defendants New York State and Brian Fischer in his official capacity. Plaintiff's third cause of action for assault and battery and his fourth cause of action for negligent hiring, training, and retention also are dismissed. Defendants' motion is otherwise denied. As a result, Plaintiffs remaining causes of action are: (1) Plaintiffs first cause of action pursuant

to 42 U.S.C. § 1983 against Officers Waters and Clark; and (2) Plaintiff's second cause of action pursuant to 42 U.S.C. § 1983 against the Supervisory Defendants (Brian Fischer, Thomas Griffin, and M. Sheahan).

Although Defendants Clark and Waters each filed an answer on December 13, 2013, (Dkt. 20 & 21), their motion to dismiss was pending at the time. The Court directs Defendants to answer the causes of action that remain within 20 days of this Decision and Order. The Clerk of the Court is directed to amend the caption of this case to reflect the dismissal of Defendant New York State.

SO ORDERED.